Barrett H. Reasoner
Texas Bar No. 16641980
breasoner@gibbsbruns.com
Ashley M. Kleber
Texas Bar No. 24060263
akleber@gibbsbruns.com
Ross M. MacDonald
Texas Bar No. 24087956
rmacdonald@gibbsbruns.com

GIBBS & BRUNS LLP
1100 Louisiana, Suite 5300
Houston, TX  77002
(713) 650-8805

Louis R. Strubeck, Jr.
Texas Bar No. 19425600
lstrubeckjr@omm.com
Scott P. Drake
Texas Bar No. 24026812
sdrake@omm.com
Laura Smith
Texas Bar No. 24066039
lsmith@omm.com

O'MELVENY & MYERS LLP
2801 North Harwood Street, Suite 1600
Dallas, Texas 75201-2692
Telephone: (972) 360-1900

*Counsel For Defendants, Winston & Strawn LLP and
Michael Blankenship*

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **WITH PURPOSE, INC.,** | § | **Case No. 23-30246-MVL-7** |
| | § | |
| **Debtor.** | § | |

| | | |
|---|---|---|
| **SCOTT M. SEIDEL, TRUSTEE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Adv. No. 25-03105-MVL** |
| | § | |
| **WINSTON & STRAWN LLP; and** | § | |
| **MICHAEL BLANKENSHIP,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' ANSWER TO ORIGINAL COMPLAINT
<u>AND AFFIRMATIVE DEFENSES</u>**

Defendants Winston & Strawn LLP ("Winston") and Michael Blankenship (together, "Defendants") answer the complaint filed by Plaintiff Scott M. Seidel, Trustee ("Trustee"), and would show as follows:

## PRELIMINARY STATEMENT

This lawsuit is a misguided attempt by the Trustee of a failed start-up ("GloriFi") to impose unprecedented liability on outside counsel for the start-up's collapse. GloriFi did not fail because of any negligent legal advice or deficient work product provided by Defendants. Indeed, the Trustee has not alleged that any specific legal advice provided by Defendants was negligent. Instead, the Trustee has elsewhere alleged that GloriFi failed as a result of its own operational decisions, governance choices, capital constraints, and the conduct of its officers, directors, and shareholders. Defendants simply bear no responsibility for any of these factors.

Defendants served as GloriFi's outside transactional counsel—they were not a part of management, not on Glorifi's Board of Directors, and not guarantors of financing or business outcomes. Defendants did not draft GloriFi's organizational or corporate governance documents. Those documents predated Winston's retention and afforded substantial control to GloriFi's founder and controlling shareholder. Defendants also did not decide which business ventures to pursue, which funding proposals to pursue, which transactions to accept or reject, or which directors to seat or remove. It was GloriFi's officers, directors, and shareholders who made those decisions pursuant to the company's governing documents and applicable corporate law. The Trustee's effort here to recast those decisions as attorney misconduct and spin an alternative narrative belies the truth and is inconsistent with settled principles governing legal malpractice, fiduciary duty, and causation.

2

Moreover, the Trustee's alleged damages, which are measured by a hypothetical enterprise valuation tied to an unconsummated de-SPAC transaction, are speculative and unrecoverable as a matter of law. These alleged damages also are not funds that GloriFi, as an entity, ever would have received or ever could have lost, and are therefore not property of the Estate.

Defendants deny that they breached any duty owed to the Debtor, deny that any alleged act or omission caused the damages claimed, and deny that the Trustee is entitled to recover any of the alleged damages.

### SUMMARY

1. Defendants admit that Winston is a large, global law firm. Defendants deny the remaining allegations of Paragraph 1 and expressly deny that Defendants had any role in the demise of GloriFi.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 2.

3. Paragraph 3 contains non-substantive rhetoric to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 3.

4. Defendants admit in part and deny in part the allegations in Paragraph 4. Defendants admit that Winston was hired and paid by GloriFi to provide legal services related to GloriFi's proposed de-SPAC transaction and that DHC Acquisition Corp. was a potential acquirer. Defendants deny the remaining allegations in all other respects.

5. Defendants admit in part and deny in part the allegations in Paragraph 5. Defendants admit that GloriFi was Winston's client. The remainder of the paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed necessary,

Defendants admit that Winston owed the fiduciary duties typical of outside, transactional counsel to GloriFi.

6.      Defendants deny the allegations in Paragraph 6.

7.      Defendants deny the allegations in Paragraph 7

8.      Defendants deny the allegations in Paragraph 8.

9.      Defendants admit in part and deny in part the allegations in Paragraph 9. Defendants admit that Winston lists Citadel as a client in publicly available marketing materials. Defendants admit that publicly available materials show that Winston has represented Intercontinental Exchange. Defendants deny the remaining allegations in all other respects.

10.     Defendants deny the allegations in Paragraph 10.

11.     Defendants admit in part and deny in part the allegations in Paragraph 11. Defendants admit that the quoted language appears in an email exchange. To the extent the allegations in Paragraph 11 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description by which the Trustee intends to suggest any wrongdoing by Defendants. Defendants deny the remaining allegations in all other respects.

12.     Defendants deny the allegations in Paragraph 12.

13.     Defendants deny the allegations in Paragraph 13.

14.     Defendants admit that Trustee's Original Complaint asserts the stated claims, although the fraudulent transfer and disallowance claims have been dismissed.

## JURISDICTION AND VENUE

15.     Defendants admit the allegations in Paragraph 15.

16.     The allegation in Paragraph 16 is a legal conclusion to which Defendants have no personal knowledge and no obligation to respond.

17.     Defendants admit the allegation in Paragraph 17.

18.     Paragraph 18 contains legal conclusions to which no response is required. For the avoidance of doubt, Defendants do not consent to final adjudication by the bankruptcy court as to any non-core claims, and expressly reserve the right to seek withdrawal of the reference and Article III adjudication.

19.     Defendants admit the allegation in Paragraph 19.

## THE PARTIES

20.     The allegations in Paragraph 20 are legal conclusions to which Defendants have no personal knowledge and no obligation to respond. Defendants further state that to the extent this Complaint asserts claims that have been purportedly transferred or sold to GloriFi Acquisitions Agent, LLC such transfer or sale is automatically void as against Texas public policy.

21.     Defendants admit the allegations in Paragraph 21, with the caveat that the accuracy of the allegations regarding office headcounts turns on the characterization of the word "approximately."

22.     Defendants admit the allegations in Paragraph 22.

## THE FACTS

23.     Defendants admit in part and deny in part the allegations in Paragraph 23. Defendants admit that Winston was hired and paid by GloriFi to provide legal services related to GloriFi's pursuit of a de-SPAC transaction. Defendants deny the remaining allegations in all other respects.

24.     Defendants admit in part and deny in part the allegations in Paragraph 24. Defendants admit that the quoted language appears in an email sent by Blankenship on December 29, 2021. To the extent the allegations in Paragraph 24 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description suggesting wrongdoing by either Defendant.

25.     Defendants admit in part and deny in part the allegations in Paragraph 25. Defendants admit that the quoted language appears in an email sent by Blankenship on December 29, 2021. To the extent the allegations in Paragraph 25 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description suggesting wrongdoing by either Defendant.

26.     Defendants admit in part and deny in part the allegations in Paragraph 26. Defendants admit that the quoted language appears in the December 30, 2021 engagement letter. To the extent the allegations in Paragraph 26 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description suggesting wrongdoing by either Defendant.

27.     Defendants admit in part and deny in part the allegations in Paragraph 27. Defendants admit that Winston owed GloriFi fiduciary duties. Defendants deny the remaining allegations in all other respects.

28.     Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 28.

29.     Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 29.

30. Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 30.

31. Defendants admit in part and deny in part the allegations in Paragraph 31. Defendants admit that in late March 2022, GloriFi appeared to need additional funding to continue its operations and satisfy certain terms of the de-SPAC transaction. Defendants deny the remaining allegations in all other respects.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants admit in part and deny in part the allegations in Paragraph 33. Defendants admit that the quoted language appears in an email sent by Neugebauer on March 27, 2022. To the extent the allegations in Paragraph 33 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants further admit that through late March 2022, Neugebauer, Findley, and Ayers constituted the three members of GloriFi's Board of Directors.

34. Defendants admit in part and deny in part the allegations in Paragraph 34. Defendants admit that the quoted language appears in an email sent by Blankenship. To the extent the allegations in Paragraph 34 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant.

35. Defendants admit in part and deny in part the allegations in Paragraph 35. Defendants admit that the quoted language appears in an email sent by Findley. To the extent the allegations in Paragraph 35 or elsewhere in the complaint purport to characterize or describe the

email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant.

36.    Defendants admit in part and deny in part the allegations in Paragraph 36. Defendants admit that the quoted language appears in an email sent by Hunsaker. To the extent the allegations in Paragraph 36 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant.

37.    Defendants deny the allegations in Paragraph 37.

38.    Defendants admit in part and deny in part the allegations in Paragraph 38. Defendants admit that the quoted language appears in Winston's Related-Party Transactions Guide – 2024, of which Blankenship is an editor. To the extent the allegations in Paragraph 38 or elsewhere in the complaint purport to characterize or describe the Guide, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant.

39.    Defendants deny the allegations in Paragraph 39.

40.    Defendants admit in part and deny in part the allegations in Paragraph 40. Defendants admit that the quoted language appears in internal Winston emails sent by Hunsaker and Blankenship. To the extent the allegations in Paragraph 40 or elsewhere in the complaint purport to characterize or describe the emails, such documents speak for themselves, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 40.

41.    Defendants admit in part and deny in part the allegations in Paragraph 41. Defendants admit that the first quotation appears in an email from Neugebauer and that the second

quotation appears in an email from Neugebauer to Blankenship and Hunsaker and Findley, among others. To the extent the allegations in Paragraph 41 or elsewhere in the complaint purport to characterize or describe these emails, such documents speak for themselves, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 41.

42.     Defendants admit in part and deny in part the allegations in Paragraph 42. Defendants admit that the quoted language appears in an email from Ferazzi. To the extent the allegations in Paragraph 42 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 42.

43.     Defendants deny the allegations in Paragraph 43.

44.     Paragraph 44 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 44. Defendants admit that GloriFi was Winston's client. Defendants otherwise deny the allegations in Paragraph 44.

45.     Defendants admit in part and deny in part the allegations in Paragraph 45. Defendants admit that Hunsaker suggested New York for the choice of law provision although ultimately a Texas choice of law provision was inserted in the draft. Defendants otherwise deny the allegations in Paragraph 45.

46.     Defendants admit in part and deny in part the allegations in Paragraph 46. Defendants admit that the quoted language appears in a March 29, 2022 email from Hunsaker. To the extent the allegations in Paragraph 46 or elsewhere in the complaint purport to characterize or

9

describe the email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 46.

47.     Paragraph 47 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 47.

48.     Defendants admit in part and deny in part the allegations in Paragraph 48. Defendants admit that the quoted language appears in a March 30, 2022 email from Ferazzi. To the extent the allegations in Paragraph 48 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 48.

49.     Defendants admit in part and deny in part the allegations in Paragraph 49. Defendants admit that Winston attended a Board meeting on or around March 31, 2022, that at that meeting Mr. Neugebauer called a vote on a financing proposal, and that the proposal failed to pass. Defendants otherwise deny the allegations in Paragraph 49.

50.     Defendants admit in part and deny in part the allegations in Paragraph 50. Defendants admit that a substantially similar version of the quoted language appears in a March 30, 2022 email from Findley to Blankenship. To the extent the allegations in Paragraph 50 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant.

51.     Defendants admit in part and deny in part the allegations in Paragraph 51. Defendants admit that the quoted language appears in an email from Blankenship to Findley. To

the extent the allegations in Paragraph 51 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant.

52.     Defendants admit in part and deny in part the allegations in Paragraph 52. Defendants admit that the quoted language appears in an email from Ayers to Blankenship. To the extent the allegations in Paragraph 52 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 52.

53.     Defendants admit in part and deny in part the allegations in Paragraph 53. Defendants admit that the quoted language appears in an email from Blankenship to Ayers. To the extent the allegations in Paragraph 53 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant.

54.     Defendants admit in part and deny in part the allegations in Paragraph 54. Defendants admit that the quoted language appears in a March 30, 2022 email from Chapman Cutler. To the extent the allegations in Paragraph 54 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 54.

55.     Defendants admit in part and deny in part the allegations in Paragraph 55. Defendants admit that the quoted language appears in Winston internal emails. To the extent the allegations in Paragraph 55 or elsewhere in the complaint purport to characterize or describe the

11

emails, such documents speak for themselves, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 55.

56.     Defendants admit in part and deny in part the allegations in Paragraph 56. Defendants admit that the quoted language appears in an email from Ayers to Blankenship. To the extent the allegations in Paragraph 56 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 56.

57.     Paragraph 57 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 57.

58.     Paragraph 58 contains legal conclusions to which no response is required. Defendants deny the allegations in Paragraph 58.

59.     Defendants admit in part and deny in part the allegations in Paragraph 59. Defendants admit that a substantially similar version of the quoted language appears in an email from Findley cc'ing Blankenship. To the extent the allegations in Paragraph 59 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 59.

60.     Defendants admit in part and deny in part the allegations in Paragraph 60. Defendants admit that the quoted language appears in an email from Findley cc'ing Blankenship. To the extent the allegations in Paragraph 60 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization

or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 60.

61. Defendants admit in part and deny in part the allegations in Paragraph 61. Defendants admit that the quoted language appears in an email from Klein. To the extent the allegations in Paragraph 61 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 61.

62. Paragraph 62 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 62.

63. Defendants admit in part and deny in part the allegations in Paragraph 63. Defendants admit that the quoted language appears in a March 31, 2022 email from Ferazzi. To the extent the allegations in Paragraph 63 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 63.

64. Defendants admit in part and deny in part the allegations in Paragraph 64. Defendants admit that the quoted language appears in an email from Neugebauer. To the extent the allegations in Paragraph 64 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 64.

65. Defendants admit in part and deny in part the allegations in Paragraph 65. Defendants admit that the quoted language appears in an email from Blankenship to Ferazzi and Smolij. To the extent the allegations in Paragraph 65 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant.

66. Paragraph 66 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 66.

67. Defendants admit in part and deny in part the allegations in Paragraph 67. Defendants admit that the quoted language appears in an email from Ferazzi. To the extent the allegations in Paragraph 67 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Paragraph 69 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 69. Defendants admit that Winston drafted letters on behalf of GloriFi to Kirkland & Ellis and McGuire Woods in April 2022. Defendants otherwise deny the allegations in Paragraph 69.

70. Defendants admit in part and deny in part the allegations in Paragraph 70. Defendants admit that the quoted language appears in an email from DiRisio. To the extent the allegations in Paragraph 70 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description

that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 70.

71.     Defendants admit in part and deny in part the allegations in Paragraph 71. Defendants admit that the quoted language appears in an email from DiRisio. To the extent the allegations in Paragraph 71 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 71.

72.     Defendants admit in part and deny in part the allegations in Paragraph 72. Defendants admit that the quoted language appears in internal Winston emails. To the extent the allegations in Paragraph 72 or elsewhere in the complaint purport to characterize or describe the email, such documents speak for themselves, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 72.

73.     Defendants admit in part and deny in part the allegations in Paragraph 73. Defendants admit that the quoted language appears in an email from Steinfeld. To the extent the allegations in Paragraph 73 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 73.

74.     Defendants admit in part and deny in part the allegations in Paragraph 74. Defendants admit that the quoted language appears in an email from DiRisio. To the extent the allegations in Paragraph 74 or elsewhere in the complaint purport to characterize or describe the

email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 74.

75. Defendants admit in part and deny in part the allegations in Paragraph 75. Defendants admit that the quoted language appears in an email from Steinfeld. To the extent the allegations in Paragraph 75 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 75.

76. Defendants admit in part and deny in part the allegations in Paragraph 76. Defendants admit that the quoted language appears in an email from Steinfeld. To the extent the allegations in Paragraph 76 or elsewhere in the complaint purport to characterize or describe the email, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 76.

77. Defendants admit in part and deny in part the allegations in Paragraph 77. Defendants admit that the quoted language appears in a letter from Kirkland & Ellis. To the extent the allegations in Paragraph 77 or elsewhere in the complaint purport to characterize or describe the letter, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants admit in part and deny in part the allegations in Paragraph 79. Defendants admit that Winston participated in the preparation and circulation of the Series 2 Notes targeted for closing September 30, 2022 and that Winston participated in the drafting and circulation of the GCA and CAA. Defendants otherwise deny the allegations in Paragraph 79.

80. To the extent the allegations in Paragraph 80 or elsewhere in the complaint purport to characterize or describe the Series 2 Notes, the GCA, or the CAA, such documents speak for themselves, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 80.

81. Paragraph 81 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 81.

82. Defendants admit in part and deny in part the allegations in Paragraph 82. Defendants admit that Blankenship signed the RSA on behalf of Winston. Defendants otherwise deny the allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83 and its associated footnote.

84. Defendants admit in part and deny in part the allegations in Paragraph 84. Defendants admit that the quoted language appears in a memorandum opinion from the Bankruptcy Court. To the extent the allegations in Paragraph 84 or elsewhere in the complaint purport to characterize or describe the memorandum opinion, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 84.

85. Defendants admit in part and deny in part the allegations in Paragraph 85. Defendants admit that Winston signed in support of the RSA. Defendants otherwise deny the allegations in Paragraph 85.

86.    Defendants deny the allegations in Paragraph 86.

87.    Defendants deny the allegations in Paragraph 87.

88.    Defendants admit in part and deny in part the allegations in Paragraph 88. Defendants admit that the term "They can't be serious" appears in an email exchange between Neugebauer and his non-Winston attorney Ryan Downton that was then forwarded to Winston. To the extent the allegations in Paragraph 88 or elsewhere in the complaint purport to characterize or describe the emails, such documents speak for themselves, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 88.

89.    Defendants admit in part and deny in part the allegations in Paragraph 89. Defendants admit that the quoted language appears in an email exchange between Neugebauer and Blankenship. To the extent the allegations in Paragraph 89 or elsewhere in the complaint purport to characterize or describe the emails, such documents speak for themselves, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 89.

90.    Defendants admit in part and deny in part the allegations in Paragraph 90. Defendants admit that the quoted language appears in an email from Neugebauer. To the extent the allegations in Paragraph 90 or elsewhere in the complaint purport to characterize or describe the email, such documents speak for themselves, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants otherwise deny the allegations in Paragraph 90.

91.    Paragraph 91 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 91.

18

92.     Paragraph 92 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 92.

93.     Defendants admit in part and deny in part the allegations in Paragraph 93. Defendants admit that the quoted language appeared on a page on Winston's website as of the date of filing of Trustee's complaint. To the extent the allegations in Paragraph 93 or elsewhere in the complaint purport to characterize or describe the page, such document speaks for itself, and Defendants deny any characterization or description that suggests wrongdoing by either Defendant. Defendants admit that Winston was hired and paid by GloriFi in connection with providing legal services in relation to a potential de-SPAC transaction. Defendants otherwise deny the allegations in Paragraph 93.

94.     Paragraph 94 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 94.

95.     Paragraph 95 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 95.

## CAUSES OF ACTION

### Count 1: Negligence (Legal Malpractice)—Against All Defendants

96.     Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1 through 95 as if set forth in their entirety.

97.     Paragraph 97 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit in part and deny in part the allegations in Paragraph 97. Defendants admit that they owed GloriFi the duty to act with reasonable care and that they were required to exercise the standard of care that would be exercised by a reasonably prudent

19

attorney under the same or similar circumstances. Defendants deny the allegations in all other respects.

98.     Paragraph 98 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit in part and deny in part the allegations in Paragraph 98. Defendants admit that Trustee seeks the damages it alleges. Defendants deny the allegations in all other respects.

## Count 2: Aiding and Abetting/Knowing Participation in Neugebauer's Breach of Fiduciary Duty to the Debtor—Against All Defendants

99.     Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1 through 98 as if set forth in their entirety

100.     Defendants admit in part and deny in part the allegations in Paragraph 100. Defendants admit that during the course of Winston's representation of GloriFi, Neugebauer operated as an officer, director, and controlling shareholder of GloriFi and owed duties to GloriFi as defined by Delaware law and the organizational documents of GloriFi. To the extent Paragraph 100 purports to allege that controlling shareholders of Delaware entities owe the same obligations as directors and officers who are not controlling shareholders, Defendants deny that allegation.

101.     Paragraph 101 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 101.

102.     Paragraph 102 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 102.

103.     Paragraph 103 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 103.

104.     Paragraph 104 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 104.

20

105. Paragraph 105 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 105.

106. Paragraph 106 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 106.

107. Paragraph 107 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 107.

108. Paragraph 108 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit in part and deny in part the allegations in Paragraph 108. Defendants admit that Trustee seeks the damages stated in the complaint. Defendants deny the allegations in all other respects.

### Count 3: Avoidance of Transfer—Fraudulent Transfer (11 U.S.C. § 548)—Against Winston & Strawn

109. No response is required because this claim has been dismissed. For the avoidance of doubt, Winston incorporates its responses to Paragraphs 1 through 108 above.

110. No response is required because this claim has been dismissed. For the avoidance of doubt, Winston denies the allegations in Paragraph 110.

111. No response is required because this claim has been dismissed. For the avoidance of doubt, Winston denies the allegations in Paragraph 111.

112. No response is required because this claim has been dismissed. For the avoidance of doubt, Winston denies the allegations in Paragraph 112.

113. No response is required because this claim has been dismissed. For the avoidance of doubt, Winston denies the allegations in Paragraph 113.

### Count 4: Avoidance of Transfer—Fraudulent Transfer (Tex. Bus. & Comm. Code §§24.001, et seq.)—Against Winston & Strawn

21

114.    No response is required because this claim has been dismissed. For the avoidance of doubt, Winston incorporates its responses to Paragraphs 1 through 113 above.

115.    No response is required because this claim has been dismissed. For the avoidance of doubt, Winston denies the allegations in Paragraph 115.

116.    No response is required because this claim has been dismissed. For the avoidance of doubt, Winston denies the allegations in Paragraph 116.

   a.  No response is required because this claim has been dismissed. For the avoidance of doubt, Winston denies the allegations in Paragraph 116a.

   b.  No response is required because this claim has been dismissed. For the avoidance of doubt, Winston denies the allegations in Paragraph 116b.

   c.  No response is required because this claim has been dismissed. For the avoidance of doubt, Winston denies the allegations in Paragraph 116c.

   d.  No response is required because this claim has been dismissed. For the avoidance of doubt, Winston denies the allegations in Paragraph 116d.

117.    No response is required because this claim has been dismissed. For the avoidance of doubt, Winston denies the allegations in Paragraph 117.

### Count 5: Recovery of Voidable Transfer
### (11 U.S.C § 550)—Against Winston & Strawn

118.    No response is required because this claim has been dismissed. For the avoidance of doubt, Winston incorporates its responses to Paragraphs 1 through 117 above.

119.    No response is required because this claim has been dismissed. For the avoidance of doubt, Winston denies the allegations in Paragraph 119.

120.    No response is required because this claim has been dismissed. For the avoidance of doubt, Winston denies the allegations in Paragraph 120.

**Count 6: Disallowance of Claim**
**(11 U.S.C. § 502)—Against Winston & Strawn**

121.    No response is required because this claim has been dismissed. For the avoidance of doubt, Winston incorporates its responses to Paragraphs 1 through 120 above.

122.    No response is required because this claim has been dismissed. For the avoidance of doubt, Winston denies the allegations in Paragraph 122.

123.    No response is required because this claim has been dismissed. For the avoidance of doubt, Winston denies the allegations in Paragraph 123.

124.    No response is required because this claim has been dismissed. For the avoidance of doubt, Winston denies the allegations in Paragraph 124.

125.    No response is required because this claim has been dismissed. For the avoidance of doubt, Winston denies the allegations in Paragraph 125.

126.    No response is required because this claim has been dismissed. For the avoidance of doubt, Winston denies the allegations in Paragraph 126.

**ATTORNEY'S FEES AND EXEMPLARY DAMAGES**

127.    Defendants incorporate their responses to Paragraphs 1 through 126 above as if set forth in their entirety.

128.    Paragraph 128 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit in part and deny in part the allegations in Paragraph 128. Defendants admit that Trustee seeks the damages stated in the complaint. Defendants deny the allegations in all other respects.

129.    Paragraph 129 contains legal conclusions to which no response is required. Further, to the extent Paragraph 129 relies on Section 24.013 of TUFTA, Trustee's TUFTA claim has been dismissed and therefore no response is required. To the extent a response is required, Defendants

23

admit in part and deny in part the allegations in Paragraph 129. Defendants admit that Trustee

seeks the damages stated in the complaint. Defendants deny the allegations in all other respects.

## CONDITIONS PRECEDENT

130.    Defendants deny the allegation in Paragraph 130.

## CONCLUSION

Defendants deny that Trustee is entitled to any relief requested in the prayer.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Without assuming any burden that they would not otherwise bear, Defendants assert the

following defenses to the Complaint. Further, Defendants reserve all affirmative defenses under

Federal Rule of Civil Procedure 8(c), as made applicable by Federal Rule of Bankruptcy 7008, and

any additional defenses, at law or in equity, that may now exist or in the future be available,

including without limitation based on discovery and further factual investigation in this case. On

issues where Trustee has the burden of proof, the fact that Defendants have not itemized a defense

for that issue is not a waiver of Defendants' right to contest Trustee's attempt to carry its burden.

**(i)    First Defense**

GloriFi's own actions or omissions caused or contributed to Trustee's purported injury. If

Defendants are found liable for damages, Defendants are entitled to a reduction of damages in

proportion to GloriFi's own proportionate responsibility. Pursuant to Chapter 33 of the Texas Civil

Practice & Remedies Code and 10 Delaware Code § 8132 and analogous doctrines, Defendants

are entitled to a determination of proportionate responsibility. Defendants will prove that they bear

no responsibility for any harm to Trustee, but assuming arguendo that Defendants bear any

responsibility, Trustee cannot recover because its own responsibility exceeds 50% and that of the

Defendants.

**(ii)    Second Defense**

24

Defendants' own act(s) and/or omission(s) of which Trustee complains are excused to the extent a responsible third party caused or contributed to causing in any way the harm for which recovery of damages is sought. If Defendants are found liable for damages, they are entitled to a reduction of damages in proportion to such third party's proportionate responsibility pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code and the Delaware Uniform Contribution Among Tortfeasors Act, and under the principles of equitable allocation, recoupment, set-off, proportionate liability, comparative fault, and/or any other applicable law or doctrine. Defendants are entitled to a reduction, offset, or credit to the extent the jury apportions blame to any other person or entity, including but not limited to the following entities or individuals:

    a.  Toby Neugebauer

    b.  Neugebauer Family Enterprises, LLC

    c.  Banzai Advisory Group, LLC

    d.  Chapman and Cutler LLP

    e.  Catherine Roussow

    f.  Melissa Neugebauer

    g.  Banzai Capital Partners, LLC

    h.  WPI Collateral Management, LLC

    i.  OnPoint Companies, LLC

    j.  Wooly Labs, Inc. d/b/a Vouched

    k.  Jackson Walker, LLP

    l.  Alan Carr

    m.  Nick Ayers

    n.  Keri Findley

o. any officer or director of GloriFi at any time between its founding and bankruptcy;

p. persons or entities sought to be designated as "responsible third parties" by any other party in any lawsuit involving, directly or indirectly, GloriFi's failure to consummate the de-SPAC transaction;

q. each settling person as defined in Chapter 33 of the Texas Civil Practice & Remedies Code;

r. any other persons or entities who caused or contributed to causing in any way the alleged injuries or harms for which the Trustee seeks to recover damages from Defendants.

**(iii)   Third Defense**

Trustee lacks standing to pursue these claims on behalf of Glorifi Acquisitions Agent, LLC or the Jackson Investment Gorup or any other third-party because the sale of legal malpractice claims is void as a matter of public policy.

**(iv)   Fourth Defense**

Trustee's aiding and abetting claim is barred by the business judgment rule. Because the business judgment rule would apply to bar a claim against Neugebauer for his alleged breach of his fiduciary duties, it also applies to bar Trustee's claim against Defendants for aiding and abetting Neugebauer's alleged breach of the same duties.

**(v)   Fifth Defense**

Trustee's claims against Defendants are barred by the relevant statutes of limitations.

**(vi)   Sixth Defense**

26

Trustee's claims against Defendants are barred by the doctrines of waiver, estoppel, quasi-estoppel, and ratification.

**(vii)   Seventh Defense**

Trustee's claims for damages belong, in whole or in part, to investors, creditors, or third parties of GloriFi and are not the property of the bankruptcy estate.

**(viii)   Eighth Defense**

Defendants exercised reasonable professional judgment consistent with the applicable standard of care and acted at the direction and with the authorization of the Debtor's duly authorized officers and agents.

**(ix)   Ninth Defense**

Trustee's claims for exemplary or punitive damages are barred or limited by statute or applicable constitutional principles.

**(x)   Tenth Defense**

Trustee's claims are barred by GloriFi's failure to take reasonable steps to mitigate damages.

**(xi)   Eleventh Defense**

Trustee's claims are barred by the doctrine of *in pari delicto*/unclean hands.

\*   \*   \*

Defendants reserve the right to supplement their Answer and affirmative or additional defenses with other defenses that become available or apparent in the course of investigation, preparation, and/or discovery, and to amend their Answer accordingly.

For the avoidance of doubt, Defendants do not consent to final adjudication by the bankruptcy court as to the non-core claims asserted by the Original Complaint.

27

**CONCLUSION**

WHEREFORE, Defendants respectfully request the Court:

(i)      Enter judgment in Defendants' favor and dismiss the Complaint in its entirety, with

prejudice;

(ii)     Grant Defendants such other and further relief as the Court deems just and proper.

Dated: April 28, 2026

Respectfully submitted,

*/s/ Barrett H. Reasoner*
**BARRETT H. REASONER**
Texas Bar No. 16641980
E-Mail: breasoner@gibbsbruns.com
**ASHLEY M. KLEBER**
Texas Bar No. 24060263
E-Mail: akleber@gibbsbruns.com
**ROSS M. MACDONALD**
Texas Bar No. 24087956
E-Mail: rmacdonald@gibbsbruns.com

**GIBBS & BRUNS LLP**
1100 Louisiana
Suite 5300
Houston, Texas 77002
Telephone: (713) 650-8805

-and-

**LOUIS R. STRUBECK, JR.**
Texas Bar No. 19425600
E-mail: lstrubeckjr@omm.com
**SCOTT P. DRAKE**
Texas Bar No. 24026812
E-mail: sdrake@omm.com
**LAURA SMITH**
Texas Bar No. 24066039
Email: lsmith@omm.com

**O'MELVENY & MYERS LLP**
2801 North Harwood Street
Suite 1600
Dallas, Texas 75201-2692
Telephone: (972) 360-1900

*Counsel for Defendants Winston & Strawn LLP and Michael Blankenship*

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2026 the foregoing was served on all counsel of record via CM/ECF.

*/s/ Barrett H. Reasoner*
Barrett H. Reasoner

29