CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 11, 2026**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **CASE NO. 23-30246-MVL7** |
| **WITH PURPOSE, INC.,** | § | **(CHAPTER 7)** |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | |
| **SCOTT M. SEIDEL, TRUSTEE,** | § | |
| | § | |
| **Plaintiff,** | § | **ADVERSARY NO. 25-03105-MVL** |
| | § | |
| **v.** | § | **CIV. ACTION NO. 3:26-cv-02158-L** |
| | § | |
| **WINSTON & STRAWN LLP and MICHAEL BLANKENSHIP,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |
| | § | |

**REPORT AND RECOMMENDATION TO DISTRICT COURT**
**<u>REGARDING DEFENDANTS' MOTION FOR WITHDRAWAL OF THE REFERENCE</u>**

## I. INTRODUCTION

Defendants Winston & Strawn LLP ("**Winston & Strawn**") and Michael Blankenship ("**Mr. Blankenship**") filed a *Motion to Withdraw the Reference* and *Brief in Support* (collectively, the "**Motion to Withdraw**") on June 11, 2026 [ECF Nos. 44, 45].[1] On July 8, 2026, Scott M. Seidel—the duly appointed Chapter 7 Trustee (the "**Trustee**") of With Purpose, Inc. (the "**Debtor**" or "**Glorifi**")—filed an *Objection to Defendants' Motion to Withdraw the Reference* and *Brief in Support* (collectively, the "**Response**") ECF Nos. 56, 57]. Finally, on July 15, 2026, the Defendants filed a *Reply Brief in Support of Their Motion to Withdraw the Reference* (the "**Reply**") [ECF No. 67].

The Bankruptcy Court conducted a status conference concerning the Motion to Withdraw on July 22, 2026, pursuant to 11 U.S.C. § 105(d); L.B.R. 5011-1.[2] After conferring with counsel for the parties to this proceeding at the status conference, the Bankruptcy Court submits the following Report and Recommendation to the United States District Court for the Northern District of Texas:

## II. BRIEF RECOMMENDATION

Pursuant to 28 U.S.C. § 157(d), the District Court may, on timely motion of any party, withdraw, in whole or in part, any case or proceeding referred under § 157 "for cause shown." The Bankruptcy Court hereby recommends that the District Court withdraw, in whole, the reference of Adv. Pro. No. 25-03105, but only at such time as the Bankruptcy Court certifies to the District

---

[1] All ECF No. references are herein made with respect to the docket in Adversary Proceeding No. 25-03105-MVL.

[2] For the purposes of this report and recommendation, all capitalized references to the Bankruptcy Court (the "**Court**" or the "**Bankruptcy Court**") are made in reference to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. Likewise, all capitalized references to the District Court (the "**District Court**") are made in reference to the United States District Court for the Northern District of Texas, Dallas Division. All capitalized references to the Main Bankruptcy Case (the "**Bankruptcy Case**") are made in reference to Case No. 23-30246-MVL7 (Bankr. N.D. Tex. 2023). All capitalized references to the Adversary Proceeding (the "**Adversary Proceeding**") are made in reference to Adv. Pro. No. 25-03105 (Bankr. N.D. Tex.).

Court that the lawsuit is trial-ready. The Bankruptcy Court further recommends that the District Court refer all pre-trial matters to the Bankruptcy Court.

## III. Factual Background and Procedural History

The Court hereby incorporates the factual and procedural history as articulated in the Memorandum Opinion and Order Granting in Part Defendants' Motion to Dismiss (the "**Dismissal Order**") entered by Court on April 14, 2026 [ECF No. 21], and as alleged in the *Original Complaint* (the "**Complaint**") filed by the Trustee on September 17, 2025 [ECF No.1].

The dispute in this matter revolves around what the Trustee alleges to be "massive financial harm" caused by the Defendants' "malpractice and intentional breaches of [their] fiduciary duties." ECF No. 1 at 2. More specifically, the Trustee alleges that, due to Winston & Strawn's "remarkable malfeasance" with respect to its representation of the Debtor, the valuation of the Debtor plummeted from $1.7 billion to zero in mere months. *Id.*

In what the Trustee contends is a case reminiscent of a John Grisham novel about the "dangers in, and destruction caused by, conflicts of interest" in the legal profession, the allegations in the Complaint involve GloriFi's retention of Winston & Strawn to provide legal services and guidance to the Debtor in order to close a De-SPAC transaction (the "**De-SPAC Transaction**") with DHC Acquisition Corp. *Id.* at 2–3. According to the Trustee, GloriFi was Winston & Strawn's client, and thus the firm owed fiduciary duties to GloriFi. *Id.* at 3.

However, the Defendants allegedly "betrayed" their fiduciary duties in favor of appeasing GloriFi's Chief Executive Officer, Toby Neugebauer ("**Mr. Neugebauer**"). *Id.* This betrayal took shape in the form of the Defendants "knowingly and actively participating in" a variety of "schemes" that the Trustee alleges were designed to benefit Mr. Neugebauer's personal interests to the detriment of GloriFi, which proximately caused GloriFi's existing investors to lose

confidence in GloriFi and further resulted in GloriFi's inability to close the De-SPAC Transaction at a public valuation of $1.7 billion. *Id.* In other words, the Trustee alleges that Defendants' wrongdoing proximately caused the Debtor to lose nearly $2 billion in enterprise value. *Id.*

Taking a step back chronologically, the Trustee alleges that Winston & Strawn signed an engagement letter with GloriFi on December 30, 2021 (the "**Engagement Letter**"). As noted in the Complaint, the Engagement Letter made clear that "the firm's client will be GloriFi and not any director, officer, or employee of GloriFi. The scope of our engagement will be to represent GloriFi in connection with a [De-SPAC Transaction]." *Id.* at 8. Additionally, the parties agreed that the scope of their business relationship would be limited to performance of services related to the De-SPAC Transaction and other matters with which GloriFi could from time to time request Winston & Strawn's assistance with. *Id.*

In conjunction with the Engagement Letter, the Trustee alleges that the Defendants took on various fiduciary obligations with respect to GloriFi, including the duties of loyalty, good faith, prudence, candor, and confidentiality. *Id.* However, the Trustee asserts that the Defendants' ability to uphold their fiduciary obligations to GloriFi was short-lived, and that scores of e-mails between Winston & Strawn's attorneys and Mr. Neugebauer reveal that the Defendants' loyalties lied with Mr. Neugebauer rather than GloriFi. *Id.* More specifically, on or around March and into April 2022, Winston & Strawn purportedly assisted Mr. Neugebauer in the development and execution of a "scheme" to: (1) remove independent board members Mr. Neugebauer believed were obstructing his ability to engage in self-dealing transactions; (2) replace those board members with his close friends and business partners; and (3) amend GloriFi's governing documents to facilitate self-interested transactions. *Id.* at 9.

The Trustee further alleges that, rather than take immediate steps to handle the situation involving Mr. Neugebauer's proposed transactions appropriately, the Defendants effectively doubled their efforts to assist Mr. Neugebauer, primarily by helping Mr. Neugebauer remove the other board members from GloriFi's board and replace them with close friends and/or business associates of Mr. Neugebauer. *Id.* In sum, the Trustee alleges that the Defendants' "misdeeds and collusion" with Mr. Neugebauer—namely Winston & Strawn's conflicted representation of GloriFi and Mr. Neugebauer, malpractice, breaches of fiduciary duties, and its active participation in facilitating Mr. Neugebauer's breaches of his own fiduciary duties—proximately caused GloriFi's inability to finalize the De-SPAC Transaction. *Id.* at 28.

As previously noted, the Trustee filed the Complaint on September 17, 2025. In the Complaint, the Trustee asserted six (6) causes of action: (1) Negligence (Legal Malpractice) against both Defendants; (2) Aiding and Abetting/Knowing Participation in Neugebauer's Breach of Fiduciary Duty to the Debtor against both Defendants; (3) Avoidance of Fraudulent Transfer pursuant to 11 U.S.C. § 548 against Winston & Strawn; (4) Avoidance of Fraudulent Transfer pursuant to § 24.001 of the Texas Uniform Fraudulent Transfer Act ("TUFTA") against Winston & Strawn; (5) Recovery of Voidable Transfer pursuant to 11 U.S.C. § 550 against Winston & Strawn; and (6) Disallowance of Claim pursuant to 11 U.S.C. § 502 against Winston & Strawn. ECF No. 1 at 29–34.

On November 3, 2025, the Defendants filed Winston & Strawn LLP's and Michael Blankenship's *Motion to Dismiss Trustee's Original Complaint* and *Brief in Support* (collectively, the "**Motion to Dismiss**") [ECF Nos. 7, 8], requesting dismissal of all of the Trustee's causes of action. The Court entered the Dismissal Order on April 14, 2026, in which it granted in part the Motion to Dismiss with respect to Counts III–VI, and denied in part the Motion to Dismiss with

respect to Counts I and II. ECF No. 21. Subsequently, the Defendants filed an *Answer to Original Complaint and Affirmative Defenses* (the "**Answer**") on April 28, 2026. ECF No. 25. In the Answer, the Defendants expressly noted that they do not consent to final adjudication by the bankruptcy court as to the Trustee's remaining causes of action. ECF No. 25 at 27.

On May 3, 2026, the Trustee filed a *Jury Demand* [ECF No. 36], in which it demanded a trial by jury on "all issues so triable in this Adversary Proceeding." ECF No. 36 at 2. Moreover, the Trustee consented to a jury trial being conducted by the Court. *Id.* Following the Jury Demand, the Defendants filed two motions concurrently on June 11, 2026: (1) the Motion to Withdraw; and (2) the *Motion to Strike Plaintiff's Jury Demand* and *Brief in Support* (collectively, the "**Motion to Strike**") [ECF Nos. 40, 70].[3]

In the Motion to Strike, the Defendants argued that the Jury Demand filed by the Trustee must be stricken because not only had the Trustee either expressly nor implicitly waived his rights to a jury trial for Counts I and II, pursuant to various contractual agreements entered into by the Debtor that contained jury waiver provisions (the "**Jury Waivers**"), but also because the Jury Waivers apply to the Defendants, despite their positions as non-signatories to the contracts at issue under estoppel and agency theories. ECF No. 41. In the Motion to Withdraw, the Defendants argue that the Court should withdraw the reference, immediately, to the District Court for several reasons: (1) the Court lacks constitutional authority to enter a final judgment absent the Defendants' consent; (2) the claims at issue are inherently non-core claims; (3) the Trustee waived any right to a jury trial pursuant to the arguments referenced in the Motion to Strike; and (4) the

[3] The Court notes that the Defendants not only filed the Motion to Strike under seal with the Court but filed concurrently an *Unopposed Motion to File Their Brief in Support of the Motion to Strike Plaintiff's Jury Demand and Accompanying Exhibits Under Seal* (the "**Motion to Seal**") on June 11, 2026. ECF No. 43. An *Order Granting Defendants' Unopposed Motion to File Brief in Support of Motion to Strike Plaintiff's Jury Demand and Accompanying Exhibits Under Seal* (the "**Seal Order**") was entered by the Court on July 8, 2026. ECF No. 55. Subsequently, the Defendants uploaded a sealed version of the Motion to Strike on August 17, 2026. ECF No. 70.

remaining factors identified in *Holland American Insurance Co. v. Succession of Roy* necessitate immediate withdrawal of the reference. ECF No. 67; *see also* 777 F.2d 992 (5th Cir. 1985).

Subsequently, the Trustee filed an *Objection to Defendants' Motion to Strike Jury Demand* and *Brief in Support* (collectively, the "**Jury Demand Response**") on July 8, 2026 [ECF Nos. 59, 60], and an *Objection to Defendants' Motion to Withdraw the Reference* and *Brief in Support* (collectively, the "**Withdrawal Response**") on July 8, 2026 [ECF Nos. 56, 57].[4] In the Jury Demand Response, the Trustee contends that he neither expressly or implicitly waived any rights to a jury trial, and that the Defendants, as non-signatories, neither have the ability to enforce the Jury Waivers nor can they overcome the presumption of the Trustee's Seventh Amendment right to a jury trial. ECF No. 60. Likewise, in the Withdrawal Response, the Trustee contends, pursuant to each of the *Holland* factors, immediate withdrawal of the reference for the Adversary Proceeding is inappropriate. ECF No. 57.

The Court held a hearing with respect to the Motion to Strike and Motion to Seal on July 22, 2026. Likewise, in accordance with L.B.R. 5011-1(a), the Court held a status conference with respect to the Motion to Withdraw on July 22, 2026. Counsel for the Trustee and the Defendants appeared. At the hearing/status conference, the Court granted the Defendants' Motion to Seal and took both the Motion to Strike and Motion to Withdraw under advisement.

On September 8, 2026, the Court issued an Order denying the Motion to Strike. ECF No. 72. Additionally, after consideration of the Motion to Withdraw and the Withdrawal Response, the Bankruptcy Court recommends that the reference be withdrawn in the Adversary Proceeding, but only at such time as the Bankruptcy Court certifies that this lawsuit is trial-ready.

[4] The Court notes that the Defendants also filed a *Reply Brief* in support of both the Motion to Strike and Motion to Withdraw, respectively, on July 15, 2026. ECF Nos. 66, 67.

## IV. The Causes of Action

| Count Number | Count |
|---|---|
| 1 | Professional Negligence/Malpractice (Winston & Strawn and Mr. Blankenship) |
| 2 | Aiding and Abetting Fiduciary Duty (Winston & Strawn and Mr. Blankenship) |

## V. Legal Standard

The District Court has discretion to "withdraw, in whole or in part, any case or proceeding … for cause shown." 28 U.S.C. § 157(d). In *Holland*, the Fifth Circuit held that, in considering whether the reference should be withdrawn, a district court should consider the following issues: (1) whether the matter involves core, non-core, or mixed issues; (2) whether there has been a jury demand; (3) the effect of withdrawal on judicial economy; (4) the effect of withdrawal on the goal of reducing forum shopping; (5) uniformity in bankruptcy administration; (6) the effect of withdrawal on fostering the economical use of the parties' resources; and (7) the effect of withdrawal on the goal of expediting the bankruptcy process. 777 F.2d at 998–99.

Further, pursuant to L.B.R. 5011-1, the Court must consider the following additional factors, as relevant: (1) whether any response to the motion to withdraw the reference was filed; (2) whether a motion to stay the proceeding pending the District Court's decision on the withdrawal of the reference has been filed, in which court the motion was filed, and the status of the motion; (3) whether the proceeding is core, non-core, or mixed and, with regard to the non-core and mixed issues, whether the parties consent to entry of a final order by the Bankruptcy Court; (4) whether a jury trial has been timely requested, and if so, whether the parties consent to the Bankruptcy Court conducting a jury trial, and whether the District Court is requested to designate the Bankruptcy Court to conduct a jury trial; (5) if a jury trial has not been timely requested or if the proceeding does not involve a right to jury trial; (6) whether a scheduling order has been entered in the proceeding; (7) whether the parties are ready for trial; (8) the Bankruptcy

Court's recommendation; and (9) any other matters relevant to the decision to withdraw the reference.

## VI. DISCUSSION

The starting point in evaluating the merits of a motion for withdrawal of the reference is a determination of whether the proceeding is core or non-core.[5] Neither of the remaining causes of action in the Complaint are core claims under 28 U.S.C. § 157. Thus, absent consent, the Bankruptcy Court cannot issue final judgments or orders in connection with those claims.

However, even considering that there are non-core claims in this matter, the District Court is not *required* to withdraw the reference on this factor alone.[6] 28 U.S.C. § 157(c)(1) provides the proper procedure regarding non-core claims:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

As resolution of this proceeding would not require significant interpretation of "both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce," there does not initially appear to be any cause to deviate from the procedure Congress envisioned here. 28 U.S.C. § 157(d).

---

[5] *Mirant Corp. v. Southern Co.*, 337 B.R. 107, 115 (N.D. Tex. 2006).

[6] *In re Highland Cap. Mgmt. L.P.*, No. 21-03003, 2021 WL 2850562, at *4 (Bankr. N.D. Tex. Jul. 7, 2021) ("[M]andatory withdrawal is to be applied narrowly and to prevent 157(d) from becoming an 'escape hatch.' Unsubstantiated assertions that nonbankruptcy … issues are substantial and material to an adversary proceeding are insufficient to warrant mandatory withdrawal."), *report and recommendation adopted in its entirety*, No. 3:21-CV-1378-N, 2021 WL 7540340 (N.D. Tex. Jul. 26, 2021); *see also e.g., Schott, Trustee for Estate of InforMD, LLC v. Massengale*, 618 B.R. 444, 452 (M.D. La. 2020) ("That there may be the right to a jury trial or non-core matters does not require [the District Court] to immediately withdraw the reference.") (citing *Off. Comm. of Unsecured Creditors v. Schwartzman (In re Stansbury Poplar Place, Inc.)*, 13 F.3d 122, 128 (4th Cir. 1993) (gathering cases)).

The Court again notes that the Defendants do not consent to the Bankruptcy Court's authority to enter final orders in this case. *See* ECF 25 at 27. However, the Bankruptcy Court concurs with the Trustee that the District Court should not withdraw the Adversary Proceeding until the case is deemed trial-ready. Were the District Court to withdraw the reference immediately, the Bankruptcy Court notes that it is the general practice within this district for pretrial matters to be referred to a magistrate, which role the Bankruptcy Court is willing to fill. Furthermore, the Bankruptcy Court is very familiar with the issues in this Adversary Proceeding, due to its role in presiding over the Bankruptcy Case and several related adversary proceedings for three years.

The remaining factors are a mixed bag:

1. *Whether or not there has been a jury demand* — the Trustee has filed a jury demand, although the Court would note that the Trustee requested a jury trial before the Bankruptcy Court, to which the Defendants do not consent. The Court denied the Motion to Strike the Trustee's Jury Demand.

2. *The effect of withdrawal on judicial economy* — the District Court must issue final judgments, given that the causes of action at issue are non-core and the Defendants do not consent to the Court's authority to issue final orders or conduct a jury trial.

3. *The effect of withdrawal on the goal of reducing forum shopping* — the Defendants do not consent to the Court's authority to issue final orders or conduct a jury trial; thus, the District Court is arguably the more proper forum.

4. *Uniformity in bankruptcy administration* — the Court is already familiar with the facts of the underlying action, the Bankruptcy Case, and other related adversary proceedings, weighing against withdrawal.

5. *The effect of withdrawal on fostering the economical use of the parties' resources* — the Bankruptcy Court believes that withdrawal upon certification that the case is trial-ready would foster the most economical use of the parties' resources.

6. *The effect of withdrawal on the goal of expediting the bankruptcy process* — there is little concern that withdrawal of the reference will slow administration of the Bankruptcy Case, especially where the Court will handle all pre-trial matters.

7. *A response was filed* — the Trustee is unopposed to the withdrawal of the reference when the case is trial-ready.

8. *Motion to stay the proceeding pending the district court's decision on the motion to withdraw reference* — none filed.

9. *Consent* — the Defendants do not consent to the entry of a final order by the Court.

10. *Whether a jury trial has been timely requested, and if so, whether the parties consent to the bankruptcy judge conducting a jury trial, and whether the district court is requested to designate the bankruptcy judge to conduct a jury trial* — a jury demand has been timely requested by the Trustee. The Court also does not have consent of the Defendants to conduct a jury trial.

11. *Whether a scheduling order has been entered in the proceeding* — yes [ECF No. 31].

12. *Whether the parties are ready for trial* — no.

13. *The bankruptcy court's recommendation* — the Court recommends withdrawal once the case is trial-ready.

14. *Any other matters relevant to the decision to withdraw the reference* — given the myriad novel legal issues raised by the parties in relation to non-core claims, this factor weighs in support of the District Court being the more appropriate forum for addressing such matters.

## VII. PENDING MATTERS

The Adversary Proceeding has not been stayed pending a determination of the Motion to Withdraw pursuant to Bankruptcy Rule 5011. A motion to stay the Adversary Proceeding is not pending. The Bankruptcy Court has entered an agreed scheduling order, but, at this point, the parties are not ready for trial. *See* ECF No. 31. The Agreed Scheduling Order provides that the parties will complete discovery by May 14, 2027. Barring any motion to extend that deadline, the parties are set to exchange witness and exhibit lists, propose findings of fact and conclusions of law as well as a Joint Pretrial Order in compliance with Local District Court Rule 16.4 by July 20, 2027.

## VIII. RECOMMENDATION

In light of the Bankruptcy Court's analysis of the *Holland* and L.B.R. 5011-1 factors, the Bankruptcy Court recommends that, in line with customary district procedure, the District Court

grant the Motion to Withdraw upon certification by the Court that the parties are ready for trial. The Bankruptcy Court further recommends that it be allowed to preside over any remaining pre-trial matters such as discovery and pre-trial motions, so as to essentially function like a magistrate. Then, at such time as the parties are trial-ready, the District Court would be notified and can withdraw the reference at that time. The Court recognizes this decision is a close call given both remaining causes of action are non-core, requiring a report and recommendation process, which the Defendants argue bears on judicial efficiency. Nevertheless, the Court stands ready to assist if the District Court so determines.

**###END OF REPORT AND RECOMMENDATION###**