**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| **WITH PURPOSE, INC.,** | § | **Case No. 23-30246-MVL-7** |
| | § | |
| Debtor. | § | |
| | § | |
| **SCOTT M. SEIDEL, TRUSTEE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Adv. No. 25-03105-mvl** |
| | § | |
| **WINSTON & STRAWN LLP; and MICHAEL BLANKENSHIP,** | § | |
| | § | |
| | § | |
| Defendants. | § | |

**TOBY NEUGEBAUER'S MOTION TO INTERVENE**

Toby Neugebauer ("Neugebauer" or "Movant"), by and through his undersigned counsel, Tillotson Patton, respectfully moves this Court for leave to intervene in the above-captioned adversary proceeding pursuant to Federal Rule of Civil Procedure 24(a)(2), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7024, or, in the alternative, for permissive intervention pursuant to Rule 24(b). In support of this Motion, Neugebauer respectfully shows the Court as follows:

**SUMMARY OF MOTION**

The Trustee's Complaint (ECF No. 1) in this adversary proceeding is, at its core, *about Neugebauer*. Count 2 expressly alleges that Defendants aided and abetted "Neugebauer's breach

of fiduciary duty." *See* ECF No. at ¶¶ 99-108. The Complaint contains well over one hundred and fifty references to Neugebauer, characterizing his conduct as "self-dealing," "fraud," and "schemes" against With Purpose, Inc. d/b/a GloriFi ("GloriFi" or the "Company"). *Id.* Yet Neugebauer is not a party to this proceeding and has had no opportunity to contest, respond to, or otherwise defend against these serious allegations. Neugebauer therefore seeks to file the attached Complaint in Intervention (Exhibit A), which asserts claims only against the Company (already before the Court through the Trustee): (a) a declaratory judgment that he did not breach any fiduciary duty owed to the Company; and (b) a declaratory judgment that the Company is obligated, under 8 Del. C. § 145 and its certificate of incorporation and bylaws, to indemnify Neugebauer for, and to advance, the fees and expenses he incurs in defending his conduct as the Company's director and officer. The Complaint in Intervention also asserts affirmative defenses contesting the Trustee's predicate allegations, including the business judgment rule, and Neugebauer's authority under Delaware law and GloriFi's organizational documents.

This is not a hypothetical concern. Neugebauer is a named defendant in several related adversary proceedings arising from the same bankruptcy, including: *Seidel v. Toby Neugebauer and Melissa Neugebauer* (Adv. No. 25-03008-mvl); *Seidel v. Banzai Advisory Group and Toby Neugebauer* (Adv. No. 25-03009-mvl); *Aurzada v. Toby Neugebauer and Melissa Neugebauer* (Adv. No. 25-03015-mvl); and *Lowe v. Toby Neugebauer and Melissa Neugebauer* (Adv. No. 26-05011-alt). Findings of fact or conclusions of law entered in this proceeding—in which Neugebauer has no seat at the table—could impact those proceedings. Neither the Trustee nor the Defendants can be relied upon to adequately protect Neugebauer's interests. The Trustee is

actively adverse to Neugebauer—both on the fiduciary-duty allegations and on Neugebauer's right to indemnification from the Company. And Defendants' Answer, filed April 28, 2026, names Neugebauer as the first "responsible third party" for proportionate fault under Texas Civil Practice and Remedies Code Chapter 33. ECF No. 25 at pg. 25. Defendants can defend their own conduct without defending Neugebauer's, and no existing party will protect his indemnification rights. The proposed Order is attached as Exhibit B.

Neugebauer's Motion is timely. The case is in its early stages, and Neugebauer has been subpoenaed as a non-party witness. Intervention will not cause any delay or prejudice to the existing parties. To the contrary, allowing the person whose conduct is at the center of this proceeding to participate will promote the just, efficient, and complete resolution of the issues before this Court.

**ARGUMENT AND AUTHORITIES**

Federal Rule of Civil Procedure 24(a)(2), made applicable by Federal Rule of Bankruptcy Procedure 7024, provides that the Court must permit intervention by anyone who, on timely motion: (1) claims an interest relating to the property or transaction that is the subject of the action; (2) is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect that interest; and (3) is not adequately represented by existing parties. *See* FED. R. CIV. P. 24(a)(2); FED. R. BANKR. P. 7024; *Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir. 1994). The Fifth Circuit construes Rule 24(a)(2) liberally in favor of intervention. *8fig, Inc. v. Stepup Funny, L.L.C.,* 135 F.4th 285, 290 (5th Cir. 2025). Neugebauer satisfies each element.

### A. The Motion Is Timely.

In evaluating timeliness, courts conduct a contextual analysis where "absolute measures of timeliness should be ignored." *Sierra Club,* 18 F.3d at 1205. "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by failure to apply sooner." *Id.* "Federal courts should allow intervention 'where no one would be hurt and greater justice could be attained.'" *Id.* (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)). Courts in the Fifth Circuit consider a number of factors in deciding whether a motion to intervene is timely: (1) the length of time the intervenor knew or should have known of its interest in the case; (2) prejudice to the existing parties resulting from the intervenor's failure to apply for intervention sooner; (3) prejudice to the intervenor if its application for intervention is denied; and (4) the existence of unusual circumstances. *See Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 822 (5th Cir. 2003). All four factors weigh in Neugebauer's favor.

The case is at an early stage: on April 14, 2026, the Court denied Defendants' Motion to Dismiss as to Counts 1 and 2, and Defendants filed their Answer on April 28, 2026. Discovery has not concluded, and no depositions of Neugebauer in this proceeding have occurred. Intervention at this juncture will not prejudice any party or cause any delay. Conversely, denying intervention would substantially prejudice Neugebauer by leaving him without any ability to protect his interests in a proceeding that is fundamentally about his conduct. This is well within the period courts in this Circuit have found timely. *See Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565–66 (5th Cir. 2016) (timeliness met where intervenor sought intervention before discovery progressed).

**B. Neugebauer Has a Significant, Legally Protectable Interest in This Proceeding.**

The "interest" requirement under Rule 24(a)(2) is broadly construed in the Fifth Circuit. A proposed intervenor need not demonstrate an interest sufficient to confer standing as a plaintiff; rather, the intervenor must show a "direct, substantial, legally protectable interest" in the proceedings. *La Union del Pueblo Entero v. Abbott,* 29 F.4th 299, 305 (5th Cir. 2022); FED. R. CIV. P. 24. Neugebauer's interest here is beyond dispute.

***First***, Neugebauer's conduct is the central factual predicate of the Trustee's Complaint. Count 2 alleges that the Defendants aided and abetted "Neugebauer's breach of fiduciary duty"—a cause of action that, by its very terms, requires a judicial determination as to whether Neugebauer in fact breached his fiduciary duties.

***Second***, Neugebauer is a defendant in multiple related adversary proceedings arising from the same Chapter 7 bankruptcy, including:

- *Seidel v. Toby Neugebauer and Melissa Neugebauer* (Adv. No. 25-03008-mvl);
- *Seidel v. Banzai Advisory Group and Toby Neugebauer* (Adv. No. 25-03009-mvl);
- *Aurzada v. Toby Neugebauer and Melissa Neugebauer* (Adv. No. 25-03015-mvl); and
- *Lowe v. Toby Neugebauer and Melissa Neugebauer* (Adv. No. 26-05011-alt).

Any findings of fact or conclusions of law in this adversary proceeding regarding Neugebauer's alleged conduct could have collateral estoppel or issue preclusion effects in those related proceedings. The risk to Neugebauer is not speculative—it is immediate and concrete.

Neugebauer also has a direct, legally protectable interest in his right to indemnification and advancement from the Company. As a former director and officer of a Delaware

corporation, Neugebauer is entitled to indemnification under 8 Del. C. § 145 and the Company's certificate of incorporation and bylaws, and he has asserted that right by proof of claim in the Company's Chapter 7 case. Whether Neugebauer "acted in good faith and in a manner [he] reasonably believed to be in or not opposed to the best interests of the corporation"—the standard for indemnification under Section 145(a) and (b)—is the same conduct the Trustee's Count 2 places at issue here. And Section 145(c) makes indemnification mandatory to the extent Neugebauer is "successful on the merits or otherwise" in defense of any claim, issue, or matter. 8 Del. C. § 145(c). The outcome of this proceeding therefore bears directly on Neugebauer's rights against the Company's estate.

### C. Disposition of This Action May Impair Neugebauer's Ability to Protect His Interests.

The impairment element is satisfied when the disposition of the action may, "as a practical matter," impair the proposed intervenor's ability to protect its interest. FED. R. CIV. P. 24(a)(2). The intervenor must show a possibility their interest could be impaired or impeded. *Abbott*, 29 F.4th at 307.

If this proceeding goes forward without Neugebauer's participation, there is a real and substantial risk that judicial findings regarding his alleged conduct will be entered without any opportunity to contest them. Such findings could then be invoked against Neugebauer in his own pending adversary proceedings under the doctrine of collateral estoppel. This concern is not theoretical: the Trustee, who is the plaintiff in several of those related proceedings, has every incentive to use findings from this case offensively against Neugebauer.

The risk of impairment is heightened by the Court's ruling on the Motion to Dismiss, which found the Trustee's allegations regarding Neugebauer's alleged conduct sufficient to

survive a Rule 12(b)(6) challenge. If the case proceeds to findings of fact without Neugebauer's participation, those findings could be given preclusive effect in the four related adversary proceedings.

Those same findings could also impair Neugebauer's rights against the Company. A determination in this proceeding—entered without Neugebauer's participation—that he breached his duty of loyalty or acted in bad faith could be invoked by the Trustee to resist Neugebauer's claim for indemnification and advancement under Section 145. Intervention is the only means by which Neugebauer can protect those rights in this proceeding.

**D. Neugebauer's Interests Are Not Adequately Represented by the Existing Parties.**

The final element for intervention is that the interests are not adequately represented by the existing parties. The Fifth Circuit applies a minimal burden to this element, requiring only that representation may be inadequate. *Sierra Club*, 18 F.3d at 1207. This standard is easily met here because the interests of Neugebauer diverge from those of every existing party. *Id.*

*The Trustee cannot represent Neugebauer's interests.* The Trustee is not merely adverse to Neugebauer in this proceeding—the Trustee is the *plaintiff* suing Neugebauer directly in multiple related adversary proceedings. The Complaint in this case accuses Neugebauer of "self-dealing," "fraud," and "breaches of fiduciary duty" at virtually every turn. The Trustee's interest is in *establishing* Neugebauer's alleged misconduct as the predicate for Count 2 and as factual support for Count 1. Neugebauer's interest is in defending against those same allegations. The Trustee's and Neugebauer's interests are fundamentally and irreconcilably adverse. The Trustee likewise disputes Neugebauer's entitlement to indemnification from the Company—the very rights Neugebauer seeks to protect through his Complaint in

Intervention.

*Defendants cannot represent Neugebauer's interests.* At first glance, it might appear that Defendants and Neugebauer share a common interest in defending against the Trustee's claims. But Defendants' interest is in defending their own conduct, not Neugebauer's. Defendants can seek to defeat the aiding-and-abetting claim (Count 2) by contesting their own knowing participation or causation, without ever addressing whether Neugebauer breached any duty—leaving the Trustee's allegations against Neugebauer unanswered. And Defendants have no stake in Neugebauer's right to indemnification from the Company.

Defendants' Answer confirms that their interests diverge from Neugebauer's. Defendants' Second Affirmative Defense invokes proportionate responsibility and names Neugebauer first among the "responsible third parties" whose conduct allegedly caused GloriFi's damages. Defendants' Eighth Affirmative Defense asserts that they acted at the direction and with the authorization of the Debtor's duly authorized officers and agents.

In sum, no existing party can or will adequately represent Neugebauer's interests. The Trustee seeks to establish Neugebauer's misconduct and disputes his right to indemnification; Defendants have designated him as a responsible third party and need not defend his conduct to defend their own. Neugebauer is entitled to intervention as of right.

**E. In the Alternative, Neugebauer Is Entitled to Permissive Intervention.**

Even if this Court were to find that Neugebauer does not satisfy the requirements for intervention as of right—which Neugebauer submits he plainly does—the Court should grant permissive intervention under Rule 24(b). Permissive intervention is appropriate when a movant's claim or defense shares a common question of law or fact with the main action and

intervention will not unduly delay or prejudice the existing parties. FED. R. CIV. P. 24(b)(1)(B); FED. R. BANKR. P. 7024.

Here, Neugebauer's defenses in his own related adversary proceedings and the claims in this action share the *same* core questions of law and fact. This proceeding will necessarily require the Court to adjudicate questions regarding Neugebauer's conduct, his fiduciary duties, the propriety of various transactions, and the roles of Winston & Strawn's attorneys—the very same questions at issue in Neugebauer's own pending cases.

Neugebauer's Complaint in Intervention asserts claims that share common questions of law and fact with the Trustee's claims. The declaratory judgment claim (Count I) addresses the same fiduciary-duty questions at issue in Count II of the Trustee's Complaint. The indemnification and advancement claim (Count II) turns on whether Neugebauer acted in good faith and in a manner he reasonably believed to be in, or not opposed to, the Company's best interests—the same conduct, during the same March-April 2022 funding crisis, that the Trustee places at issue.

Neugebauer's claims are particularly appropriate for resolution in this proceeding because they turn on the same factual record—including board minutes, transaction documents, and contemporaneous communications—that will be developed through discovery in the underlying case. Resolving Neugebauer's claims in a separate proceeding would require duplicative discovery and risk inconsistent factual findings.

Permitting Neugebauer to intervene will promote judicial economy by allowing him to participate in discovery and proceedings rather than relitigating the same factual issues in separate actions. It will ensure that the Court has the benefit of all perspectives on the disputed

facts, leading to a more complete and accurate record. And it will avoid the risk of inconsistent factual findings across related proceedings before this same Court.

Moreover, Neugebauer's claims run only against the Company, which is already before the Court through the Trustee. Intervention adds no new parties, and Neugebauer asserts no claims against Defendants. Permitting intervention ensures that the claims concerning Neugebauer's conduct as the Company's director and officer are resolved in a single proceeding.

Intervention will not unduly delay or prejudice the adjudication of the existing parties' rights. The case is in its earliest stages, and Neugebauer's participation will not require any modification to the case schedule. Neugebauer seeks only to protect his interests in how the factual record is developed—an interest that is squarely aligned with the efficient and just resolution of this proceeding.

## CONCLUSION

For the foregoing reasons, Neugebauer respectfully requests that this Court: (1) grant his Motion to Intervene in this adversary proceeding pursuant to Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, pursuant to Rule 24(b); (2) direct the Clerk to file Neugebauer's Complaint in Intervention, attached hereto as Exhibit A; (3) enter the proposed Order attached hereto as Exhibit B; and (4) grant such other and further relief as the Court deems just and proper.

Dated: October 5, 2026

Respectfully submitted,

*/s/ Jeffrey M. Tillotson*
Jeffrey M. Tillotson
Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
Ian Miller
Texas Bar No. 24149222
imiller@tillotsonlaw.com
**TILLOTSON PATTON**
1201 Main Street, Suite 1300
Dallas, Texas 75202
(214) 382-3041 Telephone
(214) 292-6564 Facsimile

**ATTORNEYS FOR TOBY NEUGEBAUER**

## CERTIFICATE OF CONFERENCE

I hereby certify that prior to filing this Motion, counsel for Movant conferred separately with Chase J. Potter, counsel for the Plaintiff and Chapter 7 Trustee, and with counsel from Gibbs & Bruns LLP, representing the Defendants, Winston & Strawn LLP. During these separate conferences, counsel for both parties stated that they take no position on the relief requested at this time and requested to review the proposed filing prior to taking a position.

*/s/ Jeffrey M. Tillotson*
Jeffrey M. Tillotson

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2026, a true and correct copy of the foregoing document was served on all parties and counsel of record via the Court's CM/ECF electronic filing system.

*/s/ Jeffrey M. Tillotson*
Jeffrey M. Tillotson