**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| **WITH PURPOSE, INC.,** | § | **Case No. 23-30246-MVL-7** |
| | § | |
| Debtor. | § | |
| | § | |
| **SCOTT M. SEIDEL, TRUSTEE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Adv. No. 25-03105-mvl** |
| | § | |
| **WINSTON & STRAWN LLP; and MICHAEL BLANKENSHIP,** | § | |
| | § | |
| | § | |
| Defendants. | § | |

**INTERVENOR TOBY NEUGEBAUER'S**
**COMPLAINT IN INTERVENTION**

## I. PRELIMINARY STATEMENT

1. Intervenor Toby Neugebauer ("Neugebauer") files this Complaint in Intervention to protect his substantial interests in a proceeding that is fundamentally about his conduct. The Trustee's Complaint references Neugebauer at least ***176 times***, characterizing his conduct as "self-dealing," "fraud," and "schemes." *See* ECF No. 1. Count II of the Trustee's Complaint expressly requires a judicial determination of whether Neugebauer breached his fiduciary duties to With Purpose, Inc. d/b/a GloriFi ("GloriFi" or the "Company") (*id.* at ¶¶ 99-108)—yet Neugebauer has had no opportunity to be heard in this adversary proceeding. No existing party will adequately represent his interests: the Trustee

affirmatively accuses him of wrongdoing, and Winston & Strawn LLP ("Winston") has designated him as the first "responsible third party" in its Answer. *See* ECF No. 25 at pgs. 25-26.

2. Neugebauer denies that he breached any fiduciary duty owed to GloriFi. He acted at all times within the scope of his authority as founder, Chief Executive Officer, and majority shareholder of GloriFi, consistent with Delaware law and GloriFi's organizational documents. None of his proposed "related-party" transactions were consummated. In fact, each was voted down by the board, and Neugebauer respected those outcomes. His efforts during the March-April 2022 funding crisis were motivated by a good-faith desire to save the company, not to defraud it.

3. Neugebauer asserts the claims in this Complaint in Intervention against the Company only. He asserts no claims against Winston or its partner Michael Blankenship ("Blankenship"). Neugebauer seeks (a) a declaratory judgment that he did not breach any fiduciary duty owed to the Company, and (b) a declaratory judgment that the Company is obligated, under Section 145 of the Delaware General Corporation Law and the Company's certificate of incorporation and bylaws, to indemnify Neugebauer for—and to advance—the attorney's fees and expenses he has incurred and will incur in defending his conduct as the Company's director and officer.

4. This Complaint in Intervention is filed pursuant to the Order of this Court granting Neugebauer's Motion to Intervene. Neugebauer respectfully submits that intervention is necessary to ensure a just and complete adjudication of the rights and liabilities of all parties whose conduct is at issue in this proceeding.

## II. JURISDICTION AND VENUE

5. On February 8, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, thereby initiating the Bankruptcy Case and creating its bankruptcy estate (the "Estate").

6. The Trustee is the duly appointed chapter 7 trustee of the Estate. The Court has jurisdiction over this Complaint under 28 U.S.C. § 1334.

7. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The claims asserted herein arise in and are related to the Chapter 7 bankruptcy case of With Purpose, Inc., Case No. 23-30246-MVL-7. Neugebauer's claim for indemnification against the Company's estate concerns the allowance of a claim against the estate and is a core proceeding under 28 U.S.C. § 157(b)(2).

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

9. Neugebauer's intervention in this adversary proceeding is authorized by Order of this Court granting Neugebauer's Motion to Intervene. To the extent any claims asserted herein are determined to be non-core proceedings, Neugebauer consents to the entry of final orders and judgments by this Court pursuant to 28 U.S.C. § 157(c)(2), or, in the alternative, respectfully requests that the reference be withdrawn to the United States District Court for the Northern District of Texas as appropriate under 28 U.S.C. § 157(d).

## III. THE PARTIES

10. Intervenor Toby Neugebauer is the founder, former Chief Executive Officer, and majority shareholder of GloriFi (With Purpose, Inc.). Neugebauer is a resident of the State of Texas. He is a defendant in multiple related adversary proceedings arising from the same

underlying facts, including: (a) *Seidel v. Toby Neugebauer and Melissa Neugebauer*, Adv. No. 25-03008-mvl; (b) *Seidel v. Banzai Advisory Group and Toby Neugebauer*, Adv. No. 25-03009-mvl; (c) *Aurzada v. Toby Neugebauer and Melissa Neugebauer*, Adv. No. 25-03015-mvl; and (d) *Lowe v. Toby Neugebauer and Melissa Neugebauer*, Adv. No. 26-05011-alt (collectively, the "Related Adversary Proceedings").

11. Defendant-in-Intervention With Purpose, Inc. d/b/a GloriFi is a Delaware corporation and the Debtor in the above-captioned Chapter 7 case, Case No. 23-30246-MVL-7. Upon the filing of its voluntary petition on February 8, 2023, the Company's property became property of its bankruptcy estate (the "Estate"). The Company and its Estate appear in this adversary proceeding through the Trustee, who may be served through his counsel of record. Each claim in this Complaint in Intervention is asserted against the Company and its Estate only.

12. Scott M. Seidel ("Trustee") is the duly appointed Chapter 7 Trustee of the Estate of With Purpose, Inc. (d/b/a GloriFi), and is the Plaintiff in this adversary proceeding. The Trustee is named in this Complaint in Intervention solely in his representative capacity as trustee of the Company's Estate, and not individually.

13. Winston & Strawn LLP and Michael Blankenship are the Defendants named in the Trustee's Complaint. Winston served as GloriFi's outside counsel during the events relevant to this proceeding. Neugebauer asserts no claims against Winston or Blankenship in this Complaint in Intervention.

## IV. FACTUAL BACKGROUND

### A. GloriFi and the SPAC Transaction.

14. GloriFi (formally known as With Purpose, Inc.) was a Delaware corporation and financial technology ("FinTech") startup founded by Neugebauer. GloriFi sought to create a values-based financial services platform.

15. GloriFi attracted backing from prominent investors, including Peter Thiel, Joe Lonsdale, Ken Griffin, Vivek Ramaswamy, and Jeff Sprecher, among others.

16. In early 2022, GloriFi was pursuing a SPAC transaction with DHC Acquisition Corp. ("DHC") at a valuation of approximately $1.7 billion (the "SPAC Transaction").

17. On December 30, 2021, Winston & Strawn signed an engagement letter with GloriFi. The engagement letter expressly stated that "the firm's client will be GloriFi and not any director, officer or employee of GloriFi." *See* ECF No. 1 at ¶ 26. The scope of Winston's engagement was "to represent GloriFi in connection with a []SPAC transaction." *Id.* The engagement letter was signed by J. Tyler McGaughey on behalf of Winston & Strawn and by Toby Neugebauer on behalf of GloriFi. *Id.*

### B. Neugebauer's Role and Authority Under Delaware Law.

18. Neugebauer was the founder, Chief Executive Officer, and majority shareholder of GloriFi.

19. As a Delaware corporation, GloriFi's internal affairs were governed by Delaware law. Under GloriFi's organizational documents and Delaware law, Neugebauer possessed substantial authority as majority shareholder, including the right to vote his shares in his own interest, to replace directors on the board, and to block proposed transactions

involving a sale of control.

20. Delaware law recognizes that stockholders "have a right to control and vote their shares in their own interest." *Bershad v. Curtiss-Wright Corp.*, 535 A.2d 840, 845 (Del. 1987). A majority shareholder has the right to "block proposed transactions involving a sale of control." *In re Digex Inc. S'holders Litig.*, 789 A.2d 1176, 1196 (Del. Ch. 2000).

21. Delaware law "does not . . . impose on controlling stockholders a duty to engage in self-sacrifice for the benefit of minority shareholders." *In re Synthes, Inc. S'holder Litig.*, 50 A.3d 1022, 1040 (Del. Ch. 2012). A controlling shareholder may veto a transaction involving a sale of control. *See In re Sears Hometown & Outlet Stores, Inc. S'holder Litig.*, 309 A.3d 474, 511–12 (Del. Ch. 2024).

22. Under the business judgment rule, corporate decisions are presumed to have been made "on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984). The business judgment rule is the default standard of review for challenged corporate decisions under Delaware law and protects directors and officers who act within the scope of their authority.

**C. The March-April 2022 Funding Crisis and Neugebauer's Good-Faith Efforts.**

23. In late March 2022, GloriFi faced an urgent need for additional capital to satisfy the financial requirements of the SPAC Transaction and to continue operations. As Neugebauer communicated to his colleagues at the time, the company was "down to last 5 mm as projected" in operating capital.

24. Neugebauer proposed multiple funding alternatives in rapid succession,

including a $10 million convertible note, a $30 million loan coupled with an asset purchase arrangement, and a $10 million equity raise. These proposals were motivated by the urgent need to save GloriFi from running out of operating capital, not by any scheme to defraud the company or its stakeholders.

25. Critically, none of Neugebauer's proposed self-interested funding transactions were consummated. Directors Ayers and Findley voted down the first proposal of a $10 million convertible note. The second proposal—a $30 million loan with an asset purchase arrangement—did not pass the board. Eventually, the board unanimously approved a $10 million equity raise on April 5, 2022. The board process functioned as intended: self-interested proposals were scrutinized, and those that did not receive board approval were abandoned.

26. During this period, Neugebauer exercised his rights under GloriFi's Stockholders' Agreement to add directors Charlie Hamilton and John Norwood to the board. Director Findley was removed from the board on April 3, 2022. Director Ayers was later removed by shareholder vote, with 93% of non-Neugebauer shares voting in favor of Ayers's removal. Neugebauer's exercise of his shareholder rights to affect board composition is protected under Delaware law.

27. After the board changes, GloriFi proceeded with the SPAC Transaction. A Business Combination Agreement between GloriFi and DHC was announced on July 25, 2022—nearly four months after the March-April 2022 events that the Trustee characterizes as the proximate cause of GloriFi's demise.

28. The SPAC Transaction ultimately failed to close because GloriFi was unable to raise the $60 million required by the Business Combination Agreement. That failure was

attributable to market conditions and operational challenges—not to Neugebauer's governance decisions in March and April 2022.

**D. The Designation of Neugebauer as a Responsible Third Party.**

29. In their Answer filed April 28, 2026, Winston and Blankenship assert proportionate responsibility under Texas Civil Practice & Remedies Code Chapter 33, naming Neugebauer as the first "responsible third party" on their list of persons whose conduct allegedly caused GloriFi's damages. ECF No. 25 at pg. 25.

30. As a result, Neugebauer's conduct as a director and officer of the Company will be adjudicated in this proceeding, and the factfinder may be asked to assign a percentage of responsibility to him. No existing party in this adversary proceeding will protect Neugebauer's interests: the Trustee accuses Neugebauer of wrongdoing, and Defendants have designated him as a responsible third party.

**E. The Trustee's Allegations and Neugebauer's Denial.**

31. The Trustee's Complaint contains at least 176 references to Neugebauer, characterizing his conduct as "self-dealing," "fraud," and "schemes." *See* ECF No. 1. The Complaint alleges that Neugebauer breached his fiduciary duties of loyalty and care owed to GloriFi and that Winston aided and abetted those alleged breaches. *Id.* at ¶¶ 99-108.

32. Count II of the Trustee's Complaint expressly alleges that Defendants aided and abetted "Neugebauer's breach of fiduciary duty." *Id.* at pg. 29. Adjudication of that Count necessarily requires a judicial determination of whether Neugebauer breached his fiduciary duties—a determination that will directly bind Neugebauer under principles of collateral estoppel and issue preclusion.

33. Neugebauer denies that he breached any fiduciary duty owed to GloriFi. He acted at all times in good faith, within the scope of his authority under Delaware law and GloriFi's organizational documents, and in the honest belief that his actions were in the best interests of GloriFi and its stakeholders.

34. None of Neugebauer's proposed self-interested transactions were consummated. The board of directors voted them down, and Neugebauer respected those outcomes. The corporate governance process functioned as designed: related-party proposals were presented, scrutinized, and rejected.

35. The business judgment rule presumptively protects Neugebauer's actions as CEO and board member. The Trustee has not rebutted and cannot rebut that presumption with respect to the actions Neugebauer took during the March-April 2022 period.

36. Neugebauer is named as a defendant in each of the four Related Adversary Proceedings. Findings of fact and conclusions of law in this proceeding could impact those proceedings, making it imperative that Neugebauer have the opportunity to defend his conduct here.

**F. Neugebauer Acted in Good Faith.**

37. Neugebauer at all times acted in good faith and in the honest belief that his actions were in the best interests of GloriFi. The following facts demonstrate his good faith:

38. Neugebauer's funding proposals during the March-April 2022 period were efforts to save the company during a financial crisis—not schemes to defraud. GloriFi was running out of operating capital, and Neugebauer proposed multiple alternatives to keep the company alive and preserve the SPAC Transaction.

39. Neugebauer disclosed his proposed transactions to the board and to the Company's outside counsel. He sought legal counsel on proper procedures and did not conceal his involvement or his interest in the proposed transactions.

40. Neugebauer relied in good faith on GloriFi's outside counsel to advise on proper corporate governance, disclosure requirements, and conflict management.

41. To the extent any corporate governance process was allegedly deficient during the March-April 2022 period, any such deficiency was not the product of bad faith on Neugebauer's part. Neugebauer disclosed his interests, submitted his proposals to the board, abided by the board's decisions, and relied in good faith on the Company's advisors.

**G. The Company's Indemnification and Advancement Obligations.**

42. As a Delaware corporation, the Company is subject to Section 145 of the Delaware General Corporation Law, 8 Del. C. § 145, which authorizes—and in certain circumstances requires—a corporation to indemnify its present and former directors and officers against expenses, including attorney's fees, incurred in proceedings to which they are made parties by reason of the fact that they are or were directors or officers of the corporation.

43. The Company's certificate of incorporation and bylaws require the Company to indemnify its directors and officers, and to advance their expenses, to the fullest extent permitted by Delaware law.

44. At all relevant times, Neugebauer served as a director and as the Chief Executive Officer of the Company. The Trustee himself alleges that Neugebauer "operated as an officer, director, and controlling shareholder of the Debtor." ECF No. 1 at ¶ 100 ("At all relevant times, Neugebauer, who operated as an officer, director, and controlling shareholder of the

Debtor, was a fiduciary to the Debtor.").

45. Each act of Neugebauer's that the Trustee challenges in this proceeding and in the Related Adversary Proceedings was taken in his capacity as a director and officer of the Company. Neugebauer's conduct is at issue in this proceeding—and he has been named as a defendant in the Related Adversary Proceedings—by reason of the fact that he was a director and officer of the Company.

46. Neugebauer has incurred, and will continue to incur, substantial attorney's fees and expenses in defending his conduct as a director and officer of the Company in this proceeding and in the Related Adversary Proceedings.

47. Neugebauer has asserted his right to indemnification from the Estate by proof of claim filed in the Company's Chapter 7 case.

## V. CAUSES OF ACTION

### COUNT I
### DECLARATORY JUDGMENT — NO BREACH OF FIDUCIARY DUTY
***(Against the Company)***

48. Neugebauer incorporates by reference all preceding paragraphs as if fully set forth herein.

49. An actual controversy exists between Neugebauer and the Company regarding whether Neugebauer breached his fiduciary duties owed to GloriFi. *See* ECF No. 1 at ¶¶ 99-108. The Trustee's Complaint, brought on behalf of the Company's Estate, affirmatively alleges that Neugebauer breached fiduciary duties of loyalty and care. *Id.* Count II of the Trustee's Complaint requires a judicial determination of that issue as a predicate element of the Trustee's aiding-and-abetting claim. *Id.*

50. Neugebauer denies that he breached any fiduciary duty owed to GloriFi.

51. Under Delaware law, the business judgment rule presumes that corporate directors and officers act "on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *Aronson*, 473 A.2d at 812. That presumption applies to Neugebauer's conduct.

52. Neugebauer exercised authority lawfully conferred by GloriFi's organizational documents and Delaware law, including the right to vote his shares in his own interest, to propose transactions to the board, and to exercise his rights under the Stockholders' Agreement with respect to board composition.

53. None of Neugebauer's proposed related-party transactions were consummated. Each proposal was presented to the board, scrutinized, and—where not approved—abandoned. Neugebauer respected the board's decisions at every turn.

54. Neugebauer's exercise of his shareholder rights—including with respect to board composition—is protected under Delaware law.

55. Neugebauer is entitled to a declaratory judgment that he did not breach any fiduciary duty owed to GloriFi.

## COUNT II
## DECLARATORY JUDGMENT — INDEMNIFICATION AND ADVANCEMENT
***(Against the Company)***

56. Neugebauer incorporates by reference all preceding paragraphs as if fully set forth herein.

57. Pursuant to 28 U.S.C. § 2201, an actual controversy exists between Neugebauer and the Company regarding the Company's obligation to indemnify Neugebauer, and to advance his expenses, in connection with this proceeding and the Related Adversary

Proceedings.

58. Section 145(c) of the Delaware General Corporation Law provides that, to the extent a present or former director or officer "has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in subsections (a) and (b) of this section, or in defense of any claim, issue or matter therein, such person shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by such person in connection therewith." 8 Del. C. § 145(c). Indemnification under Section 145(c) is mandatory.

59. Sections 145(a) and (b) further authorize the Company to indemnify a director or officer who "acted in good faith and in a manner the person reasonably believed to be in or not opposed to the best interests of the corporation." 8 Del. C. § 145(a)-(b). Section 145(e) authorizes the Company to advance a director's or officer's expenses in defending a proceeding upon receipt of an undertaking to repay those amounts if it is ultimately determined that he is not entitled to indemnification. *Id.* § 145(e). The Company's certificate of incorporation and bylaws make indemnification and advancement mandatory to the fullest extent permitted by Delaware law.

60. Neugebauer acted in good faith and in a manner he reasonably believed to be in, or not opposed to, the best interests of the Company, as set forth above.

61. Neugebauer is therefore entitled to indemnification from the Company for the attorney's fees and expenses he has incurred and will incur in connection with this proceeding and the Related Adversary Proceedings, to the fullest extent provided by Section 145 and the Company's certificate of incorporation and bylaws, and to advancement of those expenses upon delivery of any undertaking required by Section 145.

62. Neugebauer does not seek, by this Count, to obtain possession of or exercise control over property of the Estate outside the claims-allowance process. He seeks a declaration of his rights to indemnification and advancement and a determination that the resulting amounts constitute an allowed claim against the Estate.

63. Neugebauer is entitled to a declaratory judgment that the Company is obligated to indemnify him, and to advance his expenses, as set forth above, and that such amounts constitute an allowed claim against the Estate.

## VI. NEUGEBAUER'S AFFIRMATIVE DEFENSES AND RESPONSES TO TRUSTEE'S PREDICATE ALLEGATIONS

64. Neugebauer incorporates by reference all preceding paragraphs as if fully set forth herein.

65. Neugebauer denies all allegations in the Trustee's Complaint that characterize his conduct as wrongful, fraudulent, or in breach of any fiduciary duty or other legal obligation. Without limitation, Neugebauer asserts the following affirmative defenses to the Trustee's predicate allegations:

66. ***Business Judgment Rule***. Neugebauer's decisions as CEO and director of GloriFi are protected by the business judgment rule under Delaware law. He acted in good faith, with due care, and in the honest belief that his actions were in GloriFi's best interests. *Aronson*, 473 A.2d at 812. Moreover, Neugebauer acted within the scope of his authority as majority shareholder and CEO under GloriFi's organizational documents and Delaware law. His exercise of shareholder rights, including the right to vote his shares in his own interest and to affect board composition, was lawful.

67. ***Good-Faith Reliance on Counsel***. Neugebauer relied in good faith on

GloriFi's outside counsel to advise on proper procedures for corporate governance, conflicts of interest, and related-party transactions. As a director, Neugebauer was entitled to rely in good faith on advice presented to the Company by professionals selected with reasonable care on the Company's behalf. *See* 8 Del. C. § 141(e).

68. ***Reservation of Rights***. Neugebauer reserves the right to assert additional affirmative defenses as discovery proceeds and additional facts become known.

## VII. PRAYER FOR RELIEF

69. WHEREFORE, Intervenor Toby Neugebauer respectfully requests that this Court enter judgment as follows:

(a) A declaratory judgment, that Neugebauer did not breach any fiduciary duty owed to GloriFi (With Purpose, Inc.);

(b) A declaratory judgment, that the Company is obligated under 8 Del. C. § 145 and its certificate of incorporation and bylaws to indemnify Neugebauer for, and to advance, the attorney's fees and expenses he has incurred and will incur in connection with this proceeding and the Related Adversary Proceedings;

(c) A determination that the amounts owed to Neugebauer under the Company's indemnification and advancement obligations constitute an allowed claim against the Company's Estate;

(d) An award of reasonable and necessary attorney's fees and costs of court;

(e) Pre-judgment and post-judgment interest at the maximum rate permitted by applicable law; and

(f) Such other and further relief, at law or in equity, as this Court deems just and proper.

## VIII. JURY DEMAND

70. To the extent any claims asserted herein are triable by jury in this Bankruptcy Court or upon withdrawal of the reference to the United States District Court for the Northern District of Texas, Neugebauer hereby demands a trial by jury on all issues so triable.

71. Neugebauer does not consent to a jury trial before the Bankruptcy Court and reserves the right to seek withdrawal of the reference for any claims that are not core proceedings or for which the right to a jury trial attaches.

Respectfully submitted,

*/s/ Jeffrey M. Tillotson*

Jeffrey M. Tillotson
Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
Ian Miller
Texas Bar No. 24149222
imiller@tillotsonlaw.com
**TILLOTSON PATTON**
1201 Main Street, Suite 1300
Dallas, Texas 75202
(214) 382-3041 Telephone
(214) 292-6564 Facsimile

**ATTORNEYS FOR INTERVENOR TOBY NEUGEBAUER**

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2026, a true and correct copy of the foregoing document was served on all parties and counsel of record via the Court's CM/ECF electronic filing system.

*/s/ Jeffrey M. Tillotson*
Jeffrey M. Tillotson