Barrett H. Reasoner
Texas Bar No. 16641980
breasoner@gibbsbruns.com
Ashley M. Kleber
Texas Bar No. 24060263
akleber@gibbsbruns.com
Ross M. MacDonald
Texas Bar No. 24087956
rmacdonald@gibbsbruns.com
Will Kirkland
Texas Bar No. 24143084
wkirkland@gibbsbruns.com

GIBBS & BRUNS LLP
1100 Louisiana, Suite 5300
Houston, TX 77002
(713) 650-8805

Louis R. Strubeck, Jr.
Texas Bar No. 19425600
lstrubeckjr@omm.com
Scott P. Drake
Texas Bar No. 24026812
sdrake@omm.com
Laura Smith
Texas Bar No. 24066039
lsmith@omm.com

O'MELVENY & MYERS LLP
2801 North Harwood Street, Suite 1600
Dallas, Texas 75201-2692
Telephone: (972) 360-1900

*Counsel For Defendants, Winston & Strawn LLP and Michael Blankenship*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **WITH PURPOSE, INC.,** | § | **Case No. 23-30246-MVL-7** |
| | § | |
| **Debtor.** | § | |

---

| | | |
|---|---|---|
| **SCOTT M. SEIDEL, TRUSTEE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Adv. No. 25-03105-MVL** |
| | § | |
| **WINSTON & STRAWN LLP; and MICHAEL BLANKENSHIP,** | § | **Civ. Action No. 3:26-cv-02158-L** |
| | § | |
| | § | |
| **Defendants.** | § | |

---

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR RESPONSE IN OPPOSITION TO TOBY NEUGEBAUER'S MOTION TO INTERVENE**

---

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..... iii

INTRODUCTION ..... 1

ARGUMENT ..... 2

I. Intervention as of Right Must Be Denied Because Neugebauer Fails to Meet His Rule 24(a) Burden. ..... 2

A. The Motion Is Untimely. ..... 2

1. Neugebauer knew or reasonably should have known of his purported interest for more than five months before moving to intervene. ..... 3

2. The existing parties will be prejudiced from the delay. ..... 4

3. Denying intervention will not prejudice Neugebauer. ..... 5

4. No unusual circumstances support a finding of timeliness. ..... 6

B. Neugebauer Lacks a Direct, Substantial, Legally Protectable Interest in This Proceeding. ..... 6

1. A shared factual predicate does not constitute a legally protectable interest. ..... 7

2. Estoppel is neither applicable nor a cognizable Rule 24 interest. ..... 7

C. Disposition of This Action Will Not Impair Neugebauer's Ability to Protect His Interests. ..... 9

II. Permissive Intervention Under Rule 24(b) Should Be Denied. ..... 10

CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Acis Capital Mgmt., L.P.*,
604 B.R. 484 (N.D. Tex. 2019 ....................10

*Cajun Elec. Power Co-op., Inc. v. Gulf States Utils., Inc.*,
940 F.2d 117 (5th Cir. 1991) ....................6

*In re Commonwealth Oil Refining Co.*,
461 F. Supp. 284 (W.D. Tex. 1978)....................3

*Daniels v. Equitable Life Assur. Soc. of U.S.*,
35 F.3d 210 (5th Cir. 1994) ....................7

*DeOtte v. Azar*,
332 F.R.D. 173 (N.D. Tex. 2019) ....................9, 10

*Deus v. Allstate Ins. Co.*,
15 F.3d 506 (5th Cir. 1994) ....................5

*Eagle Props., Ltd. v. Scharbauer*,
807 S.W.2d 714 (Tex. 1990)....................7

*Edwards v. City of Houston*,
78 F.3d 983 (5th Cir. 1996) ....................2, 3

*Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*,
346 F.3d 552 (5th Cir. 2003) ....................3, 6

*Fordel Mktg., LLC v. Melon Corp.*,
817 F. Supp. 3d 421 (S.D. Tex. 2025) ....................5, 8, 9

*Guenther v. BP Ret. Accumulation Plan*,
50 F.4th 536 (5th Cir. 2022) ....................9

*United States ex rel. Hernandez v. Team Fin., L.L.C.*,
80 F.4th 571 (5th Cir. 2023) ....................11

*John Doe No. 1 v. Glickman*,
256 F.3d 371 (5th Cir. 2001) ....................3

*Kennedy v. Pioneer Nat. Res. Co.*,
2021 WL 2849921 (W.D. Tex. Mar. 15, 2021) ....................8

*Kneeland v. NCAA*,
806 F.2d 1285 (5th Cir. 1987) ........................................................................4, 10

*La Union del Pueblo Entero v. Abbott*,
29 F.4th 299 (5th Cir. 2022) ...............................................................................6

*League of United Latin Am. Citizens, Council No. 4434 v. Clements*,
884 F.2d 185 (5th Cir. 1989) ..............................................................................10

*McClain v. Lufkin Indus.*,
2003 WL 27383425 (E.D. Tex. Nov. 18, 2003) .................................................4, 5

*McDonald v. E.J. Lavino Co.*,
430 F.2d 1065 (5th Cir. 1970) ..............................................................................4

*S.J. ex rel. N.J. v. Perryton Indep. Sch. Dist.*,
2025 WL 1756379 (N.D. Tex. June 25, 2025) ....................................................4, 5

*NAACP v. New York*,
413 U.S. 345 (1973).............................................................................................11

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*,
732 F.2d 452 (5th Cir. 1984) ..............................................................................10

*In re Prescott*,
2019 WL 1889491(Bankr. S.D. Tex. Apr. 26, 2019) ..............................................5

*Rotstain v. Mendez*,
986 F.3d 931 (5th Cir. 2021) ..........................................................................3, 4, 5

*In re S. Tex. Oil Co.*,
434 B.R. 435 (Bankr. W.D. Tex. 2010)..................................................................6

*Save Our Springs All., Inc. v. Babbitt*,
115 F.3d 346 (5th Cir. 1997) ..............................................................................3, 4

*Sierra Club v. Espy*,
18 F.3d 1202 (5th Cir. 1994) ..................................................................................3

*Stallworth v. Monsanto Co.*,
558 F.2d 257 (5th Cir. 1977) ..........................................................................2, 6, 11

*T.O.S. Indus., Inc. v. Ross Hill Controls Corp.*,
72 B.R. 749 (S.D. Tex. 1987) ..................................................................................8

*Taylor v. Sturgell*,
553 U.S. 880 (2008).................................................................................................7

*Texas v. U.S. Dep't of Interior*,
2026 WL 2672757 (5th Cir. Sept. 11, 2026) ....................3

*Texas v. United States*,
805 F.3d 653 (5th Cir. 2015) ....................2, 6, 7

*United States v. Covington Cnty. Sch. Dist.*,
499 F.3d 464 (5th Cir. 2007) (per curiam)....................3

*Vallejo v. Garda CL Sw., Inc.*,
2013 WL 391163 (S.D. Tex. Jan. 30, 2013)....................9

*Vines v. Univ. of La. at Monroe*,
398 F.3d 700 (5th Cir. 2005) ....................7

*Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*,
834 F.3d 562 (5th Cir. 2016) ....................4, 6

**Other Authorities**

Fed. R. Civ. P. 24.................... *passim*

# INTRODUCTION

Defendants Winston & Strawn LLP and Michael Blankenship file this Response in Opposition to ECF No. 91, the Motion to Intervene (the "**Motion**") by Toby Neugebauer ("**Neugebauer**").

The Motion fails to satisfy three separate requirements for intervention as of right under Rule 24(a). *First*, the Motion is untimely, coming more than a year after Neugebauer first knew of his interest in this litigation. Intervention at this point would prejudice the existing parties, who have already engaged in extensive discovery and motion practice. *Second*, Neugebauer lacks a cognizable interest in these proceedings; Rule 24(a) does not permit a nonparty to enter ongoing litigation merely because the nonparty's conduct is frequently mentioned or because of an unfounded chance the litigation affects separate proceedings. And *third*, there is no impairment of Neugebauer's interests because he can seek full relief in another proceeding in which he is already a party. Indeed, Neugebauer and the Trustee are already actively litigating the concerns raised in his Motion. *See* First Am. Compl. ¶¶ 71–74, ECF No. 26, *Seidel v. Banzai Advisory Grp.*, 3:25-AP-03009 (Bankr. N.D. Tex. Oct. 16, 2026). Each defect independently supports denial of the motion.

Permissive intervention under Rule 24(b) should also be denied for each of the reasons stated above. Moreover, intervention would frustrate, rather than facilitate, judicial economy by expanding the scope of the conduct at issue and injecting new legal questions, such as indemnification and estoppel, into an already complex case.

Accordingly, the Court should deny the Motion in its entirety.

## ARGUMENT

### I. Intervention as of Right Must Be Denied Because Neugebauer Fails to Meet His Rule 24(a) Burden.

To intervene by right, a prospective intervenor "must meet each of the four requirements of Rule 24(a)(2):[1] (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015); *see* Fed. R. Civ. P. 24(a)(2). Defendants agree that they do not share Neugebauer's interests nor represent them in this proceeding. *See* Mot. at 8. However, because Neugebauer has not satisfied his burden under the three other requirements for intervention as-of-right, the Motion must be denied.

#### A. The Motion Is Untimely.

Though the Motion attempts to minimize the importance of timeliness (Mot. at 3–4), Neugebauer's delay in filing the Motion, standing alone, requires that the Motion be denied.

The Fifth Circuit applies the four-factor *Stallworth* test to assess timeliness. *Edwards v. City of Houston*, 78 F.3d 983, 1000 (5th Cir. 1996) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263–66 (5th Cir. 1977)). That test evaluates (1) the length of time the would-be intervenor knew or reasonably should have known of its interest before petitioning to intervene; (2) the extent of prejudice to existing parties from allowing late intervention; (3) the extent of prejudice to the would-be intervenor if intervention is denied; and (4) any unusual circumstances. *Id.* The application of each of these factors indicates that the Motion is untimely.

[1] No federal statute provides an unconditional right to intervene under Rule 24(a)(1).

**1. Neugebauer knew or reasonably should have known of his purported interest for more than five months before moving to intervene.**

Neugebauer knew or reasonably should have known of his purported interest in this case **over one year ago**, as soon as the Trustee filed the Complaint. *See* ECF No. 1 (Sept. 17, 2025). But even assuming *arguendo* that the timeliness clock began to run when the Defendants filed their Answer (Mot. at 4), Neugebauer still waited to intervene for an additional five months. This delay weighs heavily against intervention for three reasons.

*First*, the Motion offers no explanation for why Neugebauer waited to seek intervention. Where another would-be intervenor in a bankruptcy suit failed to explain its delay after a period of just sixty days, the court denied intervention. *In re Commonwealth Oil Refining Co.,* 461 F. Supp. 284, 285 (W.D. Tex. 1978) ("[T]he late filing of the [would-be intervenor's] motion is itself sufficient to warrant a denial of the relief requested."); *see also Save Our Springs All., Inc. v. Babbitt*, 115 F.3d 346, 347–48 (5th Cir. 1997) (denying intervention where would-be intervenor failed to offer "*any* reasonable explanation for its three-month delay") (emphasis in original).

*Second*, contrary to the Motion's assertion, a five-month delay falls squarely outside the period that Fifth Circuit courts have found timely. *Sierra Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994) (delay of three weeks); *Edwards*, 78 F.3d at 1000 (delays of 37 and 47 days); *John Doe No. 1 v. Glickman*, 256 F.3d 371, 376 (5th Cir. 2001) (delay of one month).[2] Instead, the Fifth Circuit has repeatedly denied intervention as untimely after delays of less than five months (and certainly less than one year). *Texas v. U.S. Dep't of Interior*, 2026 WL 2672757, at *7 (5th Cir. Sept. 11, 2026) (citing *United States v. Covington Cnty. Sch. Dist.*, 499 F.3d 464, 466 (5th Cir. 2007) (per curiam) (four months); *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d

---

[2] While the Motion correctly notes there is no absolute measure for timeliness (Mot. at 4), the Fifth Circuit regularly evaluates timeliness by comparing the length of a movant's delay to delays in other cases where intervention was either granted or denied. *See, e.g., Rotstain v. Mendez*, 986 F.3d 931, 937 (5th Cir. 2021).

552, 561 (5th Cir. 2003) (three months); *Save Our Springs All., Inc. v. Babbitt*, 115 F.3d 346, 347 (5th Cir. 1997) (three months); *Kneeland v. NCAA*, 806 F.2d 1285, 1289 (5th Cir. 1987) ("almost four months")).

And *third*, the sole case cited in the Motion on this issue actually *supports* a finding of untimeliness here. *See* Mot. at 4 (citing *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565–66 (5th Cir. 2016)). In *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Commission*, the Fifth Circuit permitted intervention three months after an answer was filed but emphasized that while discovery had opened, plaintiffs "had produced no documents and no depositions had been taken." 834 F.3d at 565. Here, the intervention is sought five months after an answer was filed and discovery has materially advanced. *See infra* Section I.A.2.

In sum, granting intervention sought a year after the Complaint was filed, and five months after the Answer, in a case where the parties are months into discovery would deviate widely from Fifth Circuit precedent. The Motion should be denied as untimely.

**2. The existing parties will be prejudiced from the delay.**

Prejudice to existing parties is the "most important consideration" in a timeliness analysis. *Rotstain v. Mendez*, 986 F.3d 931, 938 (5th Cir. 2021) (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1073 (5th Cir. 1970)). Here, intervention would severely prejudice both Defendants and the Trustee.

Discovery commenced in July 2026; the existing parties have already produced thousands of documents, briefed and argued multiple motions, and completed four depositions (with three additional depositions scheduled for November). *See S.J. ex rel. N.J. v. Perryton Indep. Sch. Dist.*, 2025 WL 1756379, at *4 (N.D. Tex. June 25, 2025) (parties prejudiced where mediation had taken place and parties had already exchanged initial disclosures and "considerable" written discovery with thousands of pages of documents); *McClain v. Lufkin Indus.*, 2003 WL 27383425, at *5 (E.D.

Tex. Nov. 18, 2003), *aff'd,* 108 F. App'x 176 (5th Cir. 2004) (prejudice where parties had been engaged in "hard fought, contentious discovery" for months); *In re Prescott*, 2019 WL 1889491, at *4 (Bankr. S.D. Tex. Apr. 26, 2019) (prejudice where parties had already "filed numerous dispositive motions and conducted extensive discovery"). Intervention at this point would therefore "force the existing parties to negotiate and conduct a second round of fact discovery, risking duplication, inefficiency, and increased costs." *Rotstain*, 986 F.3d at 938. Especially given the already complex and contentious discovery process to-date, adding a third party at this stage would disrupt existing agreements, require delay of already difficult-to-schedule depositions, and result in protracted, unnecessary discovery disputes. *See Perryton*, 2025 WL 1756379, at *4; *McClain*, 2003 WL 27383425, at *5.

**3. Denying intervention will not prejudice Neugebauer.**

Neugebauer will not be prejudiced if intervention is denied. The Motion's arguments that estoppel could impair Neugebauer's interests have no legal basis because he cannot face estoppel from this proceeding. *See infra* Sections I.B and I.C. Moreover, "[t]he Fifth Circuit has held that there is no prejudice and therefore '[i]ntervention generally is not appropriate where the applicant can protect its interests and/or recover on its claim through some other means.'" *Fordel Mktg., LLC v. Melon Corp.*, 817 F. Supp. 3d 421, 434 (S.D. Tex. 2025) (quoting *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 526 (5th Cir. 1994) (no prejudice to would-be intervenor already litigating against party in another case)); *see infra* Section I.C. Neugebauer can protect his interests and recover on his claims through one of the several proceedings in which he is already a party, so he faces no prejudice here. *See infra* Section I.C. And the length of his delay in moving to intervene here speaks directly to the fact that his exclusion from this proceeding has no prejudicial effect.

While there is no prejudice to Neugebauer here, courts may also deny intervention *even when it causes prejudice*, especially if the prejudice results from the would-be intervenor's own

delay. *See In re S. Tex. Oil Co.*, 434 B.R. 435, 444 (Bankr. W.D. Tex. 2010); *Effjohn*, 346 F.3d at 561–62 (intervention denied where would-be intervenor would suffer "some" prejudice due to loss of $500,000 in lien claims but noting that prejudice was "not as severe" as other cases where intervention was granted). Although Neugebauer has failed to articulate *any* prejudice he may suffer, his own unexplained delay would be the source.

**4. No unusual circumstances support a finding of timeliness.**

Courts also consider "[t]he existence of unusual circumstances militating either for or against a determination that the application is timely." *Stallworth*, 558 F.2d at 266. Here, the Motion raises no such circumstances militating for timeliness, and therefore, the Motion should be denied.

**B. Neugebauer Lacks a Direct, Substantial, Legally Protectable Interest in This Proceeding.**

A movant requesting intervention must further show that it has "a direct, substantial, legally protectable interest in the action." *Cajun Elec. Power Co-op., Inc. v. Gulf States Utils., Inc.*, 940 F.2d 117, 119 (5th Cir. 1991). A generalized interest—one that turns on ideological, economic, or precedential reasons alone—is insufficient for intervention as of right. *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022); *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). While an economic interest may sometimes suffice, "it is not sufficiently direct when the intervenor's interest will only be vindicated by a separate legal action[.]" *Wal-Mart*, 834 F.3d at 568.

Neugebauer appears to advance two purported interests in this proceeding. *First*, the Motion asserts that Neugebauer's conduct is the "central factual predicate" of the Trustee's complaint. Mot. at 5. *Second*, the Motion argues that because Neugebauer is a defendant in "multiple related adversary proceedings arising from the same Chapter 7 bankruptcy . . . [a]ny

findings of fact or conclusions of law in this adversary proceeding regarding Neugebauer's alleged conduct could have collateral estoppel or issue preclusion effects in those related proceedings." *Id.* Relatedly, the Motion states that Neugebauer has an interest "in his right to indemnification and advancement from the Company," the merits of which involve the "same conduct the Trustee's Count 2 places at issue here." *Id.* at 5–6. None of these "interests" suffice.

**1. A shared factual predicate does not constitute a legally protectable interest.**

Neugebauer makes much of the fact that his own conduct is, in his view, the factual predicate of the Trustee's complaint here. Mot. at 5. But more is required for intervention. At best, Neugebauer has a "generalized" interest here, which the Fifth Circuit has repeatedly rejected as insufficient under Rule 24(a). *See, e.g., Texas v. United States*, 805 F.3d at 657–58.

**2. Estoppel is neither applicable nor a cognizable Rule 24 interest.**

The Motion makes no attempt to argue how or why preclusion will apply if intervention is denied here, beyond asserting that findings of fact or conclusions of law in this proceeding "could" be given preclusive effect in other proceedings. *See* Mot. at 5–7. But Neugebauer's non-party status means that ***he will not face estoppel in other proceedings.*** *See Daniels v. Equitable Life Assur. Soc. of U.S.*, 35 F.3d 210, 214 (5th Cir. 1994) (the collateral estoppel doctrine "applies when a party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior suit") (citing *Eagle Props., Ltd. v. Scharbauer,* 807 S.W.2d 714, 721 (Tex. 1990)). A judgment in litigation cannot bind a non-party to that litigation absent a few narrow exceptions, none of which are relevant here.[3] *Taylor v. Sturgell*, 553 U.S. 880, 893–95 (2008). There is simply

[3] The exceptions allowing a non-party to be bound by collateral estoppel are the following: (1) the non-party agreed to be bound; (2) a preexisting substantive legal relationship between the non-party and a party to the judgment (such as preceding and succeeding owners of property, bailee and bailor, or assignee and assignor); (3) the non-party was adequately represented by someone with the same interests who was a party; (4) the non-party assumed control over the prior litigation; (5) the non-party is the designated representative of a party to the prior adjudication; and (6) a statutory scheme expressly forecloses successive litigation by non-litigants. *Taylor*, 553 U.S. at 893–95; *see Vines v. Univ. of La. at Monroe,* 398 F.3d 700, 705 (5th Cir. 2005) ("While complete identity of all parties is not required, the

no reason that this litigation would have any preclusive effect on Neugebauer's claims in other proceedings. In fact, the only pathway to preclusion would be if Neugebauer *were* permitted to intervene.

Further, even if estoppel could occur, which it cannot, it is not a cognizable Rule 24(a) interest. *First*, a risk of estoppel is not a direct interest in this proceeding because that "interest" is contingent on and rooted in a separate dispute. *See Fordel*, 817 F. Supp. 3d at 438 (an interest that emanates from and depends on a separate suit "is too attenuated from the 'direct' and 'substantial' interest required under Rule 24(a)(2)."). *Second*, in the bankruptcy context, courts in this circuit have held that adversaries should not be bound by a prior determination in a distinct proceeding, and "[t]he mere presence of a common issue among a debtor's adversaries is insufficient to demand intervention by each adversary in the other's proceedings regardless of the importance of that common issue." *T.O.S. Indus., Inc. v. Ross Hill Controls Corp.*, 72 B.R. 749, 750–51 (S.D. Tex. 1987).

Finally, Neugebauer's asserted indemnification interest rests on his flawed estoppel arguments (Mot. at 5–6); he will not be estopped from seeking indemnification based on this proceeding. But even if treated as an independent interest here, like estoppel, indemnification is not a sufficient interest for three reasons. *First*, he can easily assert a claim for indemnification against the Company in one of the other proceedings to which he is already a party. *Second*, indemnification is not a *direct* interest because the indemnity litigation proper must proceed through a second lawsuit. *See Kennedy v. Pioneer Nat. Res. Co.*, 2021 WL 2849921, at *3 (W.D. Tex. Mar. 15, 2021) (indemnification cannot establish a direct interest because determining

---

party against whom the collateral estoppel would be applied generally must either have been a party, or privy to a party, in the prior litigation."). No such exception applies here, and the Motion makes no effort to argue that one would apply. Indeed, Neugebauer is not in privity with any of the parties, and the Motion itself asserts that the existing parties do not adequately represent Neugebauer. Mot. at 8.

liability for indemnity necessarily requires a second lawsuit). That Neugebauer seeks only a declaratory judgment, necessitating other separate proceedings, magnifies the indirect nature of this "interest" here. Compl. in Intervention ¶¶ 56–63. And *third*, Neugebauer's failure to estimate the magnitude of his interest means that this Court cannot weigh whether it is "substantial" enough to grant intervention, so he fails to meet his burden. *See DeOtte v. Azar*, 332 F.R.D. 173, 183–84 (N.D. Tex. 2019) (no substantial interest where would-be intervenor did not estimate amount of additional spending incurred).

In sum, Neugebauer has no direct, substantial interest in this proceeding, so intervention must be denied.

**C. Disposition of This Action Will Not Impair Neugebauer's Ability to Protect His Interests.**

Because Neugebauer has no cognizable interest in this proceeding, disposition of this action cannot and will not impair his interests. *See Fordel*, 817 F. Supp. 3d at 442 (no impairment where movant failed to establish a legally protectable interest); *cf. Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 547 (5th Cir. 2022) (where no unique interest identified, risk of future detrimental preclusive effect was insufficient for intervention).

But even if Neugebauer had a valid interest, there is no impairment because his interests can be asserted in another forum. "If the disposition of a suit will not bar a proposed intervenor from asserting his or her rights in a separate action, the 'impairment' prong of Rule 24(a) typically is not met." *Vallejo v. Garda CL Sw., Inc.*, 2013 WL 391163, at *5 (S.D. Tex. Jan. 30, 2013); *see Fordel*, 817 F. Supp. 3d at 435, 442 (denying intervention where the would-be intervenor was already pursuing relief on its claims in another forum based on the same factual predicate). Here, Neugebauer is pursuing full relief on his asserted interests in other adversary proceedings. For instance, he is actively litigating his alleged breach of fiduciary duty with the Trustee in a

proceeding cited in the Motion. *See* First Am. Compl. ¶¶ 71–74, ECF No. 26, *Seidel v. Banzai Advisory Grp.*, 3:25-AP-03009 (Bankr. N.D. Tex. Oct. 16, 2026); Mot. at 5. Further, the Complaint in Intervention contains no novel relief that Neugebauer could not pursue in another forum. *See* Compl. in Intervention ¶ 69 (seeking only declaratory judgments against the Company), ¶ 3 (asserting claims against "the Company only" with no claims against Defendants). The Motion makes no attempt to articulate why the relief sought here could not be pursued in one of the ongoing proceedings in which both the Trustee and Neugebauer are already parties.

Thus, Neugebauer fails to satisfy his burden to show impairment as required under Rule 24(a).

## II. **Permissive Intervention Under Rule 24(b) Should Be Denied.**

Courts may allow permissive intervention under Rule 24(b)(2)[4] "when (1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989); *see Kneeland*, 806 F.2d at 1289; *In re Acis Capital Mgmt., L.P.*, 604 B.R. 484, 513 (N.D. Tex. 2019), *aff'd sub nom. Matter of Acis Capital Mgmt., L.P.*, 850 F. App'x 302 (5th Cir. 2021). Permissive intervention is wholly discretionary, and the court may deny it even when the requirements are technically satisfied. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984). Here, while there may be common questions of law and fact involved,[5] the Motion nonetheless fails

---

[4] Here, no federal statute grants a conditional right to intervene.

[5] While there are admittedly common questions of fact here, a proposed intervenor must have a "claim or defense" in the action. *See DeOtte v. Azar*, 332 F.R.D. 173, 186 (N.D. Tex. 2019) (denying permissive intervention where would-be intervenor sought declaratory judgment to enforce a law, and holding that would-be intervenor lacked a claim or defense because it would not be required to act or restrained from acting). Here, Neugebauer seeks only declaratory relief, and he is already litigating the issues underlying the declaratory relief in distinct, ongoing actions, so he lacks a clear claim or defense in this action.

because it is untimely and intervention will unduly delay and prejudice the adjudication of the rights of the original parties.

The Supreme Court has stated that if a motion for permissive intervention is untimely, "intervention *must* be denied." *NAACP v. New York*, 413 U.S. 345, 365 (1973) (emphasis added). As discussed above, the Motion is untimely and, therefore, should be denied.[6] *See supra* Section I.A.

While the inquiry need not continue given the untimeliness factor, the final factor also weighs against granting permissive intervention. First, intervention will prejudice the rights of the existing parties. *See supra* Section I.A.2. Second, intervention will "unduly delay" the proceeding. Requiring full adjudication on the merits of Neugebauer's conduct, not just Defendants' alleged role in that conduct, explodes the scope of this proceeding. Moreover, injecting collateral issues like indemnification and estoppel will further complicate an already complex proceeding. Contrary to the Motion's assertion (Mot. at 9–10), this would only frustrate judicial economy and raise conflicts across the ongoing parallel suits to which Neugebauer is a party.

Altogether, permissive intervention *must* be denied due to the untimely Motion, in addition to the delay and prejudice to the existing parties.

**CONCLUSION**

For the reasons stated above, Defendants request that the Court deny Neugebauer's Motion.

[6] The Fifth Circuit applies the same *Stallworth* factors in assessing timeliness for permissive intervention as it does for intervention as-of-right. *United States ex rel. Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 578 (5th Cir. 2023).

Dated: October 26, 2026

Respectfully submitted,

*/s/ Barrett H. Reasoner*
**BARRETT H. REASONER**
Texas Bar No. 16641980
E-Mail: breasoner@gibbsbruns.com
**ASHLEY M. KLEBER**
Texas Bar No. 24060263
E-Mail: akleber@gibbsbruns.com
**ROSS M. MACDONALD**
Texas Bar No. 24087956
E-Mail: rmacdonald@gibbsbruns.com
**WILL KIRKLAND**
Texas Bar No. 24143084
E-mail: wkirkland@gibbsbruns.com

**GIBBS & BRUNS LLP**
1100 Louisiana
Suite 5300
Houston, Texas 77002
Telephone: (713) 650-8805

-and-

**LOUIS R. STRUBECK, JR.**
Texas Bar No. 19425600
E-mail: lstrubeckjr@omm.com
**SCOTT P. DRAKE**
Texas Bar No. 24026812
E-mail: sdrake@omm.com
**LAURA SMITH**
Texas Bar No. 24066039
Email: lsmith@omm.com

**O'MELVENY & MYERS LLP**
2801 North Harwood Street
Suite 1600
Dallas, Texas 75201-2692
Telephone: (972) 360-1900

*Counsel for Defendants Winston & Strawn LLP and Michael Blankenship*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2026 the foregoing was served on all counsel of record via CM/ECF.

*/s/ Ross MacDonald*

Ross MacDonald